THE STATE, EX REL. LAMBDIN, *v.* BRENTON, JUDGE.

(No. 69-28—Decided January 7, 1970.)

*Messrs. Baggott & Ernst,* for relator.
*Mr. Lee C. Falke,* prosecuting attorney, *Mr. Paul J. Fleischauer, Mr. Larry A. Smith* and *Mr. Gary L. Froelich,* for respondent.

*Per Curiam.* This is an action in prohibition originating in this court.

The basic question raised by this action is whether a plaintiff in a personal injury action waives the physician-

22

patient privilege provided in Section 2317.02, Revised Code, by the commencement of his action, so as to empower the Common Pleas Court to order him to turn over to the defendant hospital records and medical reports made by his attending physicians in relation to his injury.

After the commencement of the action, the trial court ordered plaintiff, relator in the present case, to:

1. Disclose and deliver to the defendant such medical reports and such portions of hospital records as were made or caused to be made by his attending and treating physicians and surgeons with respect to injuries sued upon in the cause.

2. Submit himself to a physical examination by a competent physician to be designated and arranged by the defendant, during which examination one of his attending physicians could be present. (However, the presence of his lawyer at such examination is not mentioned in the order.)

In its entry, the Common Pleas Court stated that any failure to comply with the order would constitute "an unlawful interference" with the judicial process, and that anything relator failed to disclose would be excluded from evidence at the trial.

It is this order which relator seeks to prevent the respondent from enforcing.

Although there is a conflict in the decisions throughout the country as to the compelling of a plaintiff to submit to a physical examination by defendant's doctors in the absence of plaintiff's attorney, this is a matter within the sound discretion of the trial court. Annotation, 7 A. L. R. 3d 881. If the court determined that the presence of relator's counsel would unduly impede defendant's physicians in making their examination, it had the power to order the exclusion of the attorney.

However, that part of the order requiring relator to turn over the records made by his personal physicians presents a different problem.

Section 2317.02, Revised Code, provides, in part:

"The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient, but the attorney or physician may testify by express consent of the client or patient, or if the client or patient be deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of such deceased client or patient; and if the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject * * *."

This statute is clear on its face, and in the absence of a waiver such matter is privileged.

It was the position of the trial court that the filing of the action by relator constituted a waiver of the physician-patient privilege. The trial court, in its opinion relating to its order, points out that ultimately, in the trial of the case, relator will be compelled to waive the privilege by testifying in order to sustain his claim for damages.

The adherents to the rule, that the commencement of an action waives the physician-patient privilege, argue that the plaintiff must ultimately waive the privilege to sustain his action; that such requirement, to turn over to defendant plaintiff's medical records in relation to his injury, encourages settlements; that it prevents delay in the actual trial because defendants know what they must meet by the way of medical evidence and need not seek a continuance to controvert such evidence; and that it prevents a plaintiff from picking only his favorable doctors and concealing those who make unfavorable reports. Basically, it is their position that the privilege serves no useful purpose and might result in injustices.

Those opposing the waiver rule point out that the privilege is a statutory and not a common-law privilege; that any modification thereof should be by statute; and that a plaintiff may, if he so desires, try to make his case without such testimony, preferring not to disclose his medical history.

So far, this court has not required a plaintiff in a per-

sonal injury action to make such a disclosure. The decision of this court in *Weis* v. *Weis*, 147 Ohio St. 416, permitted only those parts of hospital records to be admitted in evidence which did not include confidential communications.

Only the statutory type waiver has been recognized by this court. That is an express waiver by the patient, or by the patient himself voluntarily testifying. See *Ausdenmoore* v. *Holzback*, 89 Ohio St. 381.

The rule of waiver of privilege may be adopted by legislative enactment. However, until such time as it is so adopted, a personal injury litigant does not waive the physician-patient privilege merely by filing his petition, and a court seeking to compel disclosure of personal medical records exceeds its jurisdiction.

It must be emphasized at this point that the extraordinary remedy of prohibition sought to be invoked in this proceeding is a high prerogative writ and may not be used as a substitute for appeal. However, because of the extreme and legally questionable nature of the order of the court below—that any failure to comply with that court's order would constitute "an unlawful interference" with the judicial process, and that anything relator failed to disclose would be excluded from evidence at the trial— damage to plaintiff's rights by such forced disclosure could not be avoided by an appeal. Under such circumstances, the court's order amounts to a usurpation of judicial power, and appeal, under these circumstances, is not an adequate remedy at law.

Therefore, insofar as relator seeks to prevent respondent from requiring disclosure and delivery to defendant of hospital reports and medical records made by his attending physicians, the writ of prohibition is allowed.

*Judgment accordingly.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., dissents as far as the writ is allowed.