RATH *v.* WILLIAMSON, JUDGE.

[Cite as *Rath v. Williamson* (1992), 62 Ohio St.3d 419.]

(No. 91–845—Submitted September 17, 1991—Decided February 5, 1992.)

*Herschel, Accettola, Bloom & Associates, Henry B. Herschel, Paul E. Accettola* and *Jeffrey C. Zilba,* for relator.

*Per Curiam.* Relator claims that the introduction of the blood test results into evidence would be in violation of this court's decision in *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672, in which this court established the inadmissibility of similar evidence under the physician-patient privilege.

In *State, ex rel. Scoratow, v. Wood Cty. Common Pleas Court* (1959), 170 Ohio St. 76, 9 O.O.2d 466, 162 N.E.2d 533, at paragraph three of the syllabus, we held:

"Such writ [prohibition] is not available for determination of the admissibility of evidence in a trial court having jurisdiction of the parties and the subject matter."

In *State, ex rel. Staton, v. Franklin Cty. Common Pleas Court* (1965), 5 Ohio St.2d 17, 34 O.O.2d 10, 213 N.E.2d 164, at paragraph one of the syllabus, we held in a case involving the admissibility of evidence:

"The jurisdiction of the Court of Appeals to issue a writ of prohibition does not extend to an interlocutory matter arising during the proceedings in the cause before an inferior tribunal, which has jurisdiction of the cause, unless such interlocutory matter involves a usurpation of judicial power." See, also, *State, ex rel. Children's Medical Ctr., v. Brown* (1991), 59 Ohio St.3d 194, 571 N.E.2d 724.

In *State, ex rel. Lambdin, v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681, we found a usurpation of judicial power and allowed a writ of prohibition in a case involving medical evidence and the physician-patient privilege. However, the usurpation of judicial power did not occur merely because privileged information might be introduced, but because the trial

court had attached prejudicial conditions to failure to submit the evidence. Accordingly, we stated:

"It must be emphasized at this point that the extraordinary remedy of prohibition sought to be invoked in this proceeding is a high prerogative writ and may not be used as a substitute for appeal. However, because of the extreme and legally questionable nature of the order of the court below—that any failure to comply with that court's order would constitute 'an unlawful interference' with the judicial process, and that anything relator failed to disclose would be excluded from evidence at the trial—damage to plaintiff's rights by such forced disclosure could not be avoided by an appeal. Under such circumstances, the court's order amounts to a usurpation of judicial power, and appeal, under these circumstances, is not an adequate remedy at law." *Id.* at 24, 50 O.O.2d at 46, 254 N.E.2d at 683.

In the instant case, the complaint does not reveal any similar usurpation of authority to bring the case within the ambit of *Lambdin*. Accordingly, we follow the general rule of *Scoratow* and *Staton* and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.