[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 47.]

THE STATE EX REL. WILLACY, APPELLANT, *v*. SMITH, JUDGE, ET AL.,

APPELLEES.

[Cite as *State ex rel. Willacy v. Smith*, 1997-Ohio-244.]

*Writ of prohibition to prevent juvenile court from proceeding in parentage action*

*denied, when.*

(No. 96-1819—Submitted January 21, 1997—Decided March 19, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69723.

_____

{¶ 1} In July 1986, Chisara S. Nwabara ("Nwabara") married Walter L. Hugley, Jr. ("Hugley"). One child, Starr Chika Hugley, was born as issue of the marriage in January 1987. After October 1987, Nwabara and Hugley lived separate and apart. In December 1989, the Cuyahoga County Court of Common Pleas, Domestic Relations Division, entered a judgment granting Nwabara a divorce from Hugley. The domestic relations court expressly determined that at the time of the divorce decree, Nwabara was pregnant and that Hugley was not the father of the unborn child. The parties to the divorce action never appealed the foregoing finding. In February 1990, Nwabara gave birth to Maxim Chidi Nwabara ("Maxim").

{¶ 2} In February 1992, Nwabara and Maxim filed a parentage action in the Cuyahoga County Court of Common Pleas, Juvenile Division, appellee, to establish appellant, Aubrey Willacy, as the biological father of Maxim. Nwabara alleged that Maxim's conception and birth resulted from an affair with Willacy from December 1987 through July 1989. Nwabara further alleged that no other person was presumed to be Maxim's biological father and that a paternity test indicated that Willacy was the biological father. In an amended answer, Willacy admitted

having sexual intercourse with Nwabara and additionally conceded that the paternity test purported to establish that he is Maxim's biological father.

{¶ 3} Appellee, Judge Burke E. Smith, a visiting judge assigned to hear the parentage action in juvenile court, overruled Willacy's motion to dismiss the action based on lack of subject-matter jurisdiction. Judge Smith also determined that because of the domestic relations court's previous finding in the divorce action that Hugley is not the biological father of Maxim, Hugley's name would not be mentioned to the jury. The jury found that Willacy is Maxim's natural father. In January 1993, Judge Smith entered a decision incorporating the jury verdict, granting temporary custody of Maxim to Nwabara, and ordering Willacy to pay interim child support of $200 per week.

{¶ 4} The Court of Appeals for Cuyahoga County dismissed Willacy's appeal from the January 1993 entry. The court of appeals determined that Judge Smith's January 1993 entry "clearly contemplated further action with regard to past due care, permanent support and permanent custody and, therefore, was not a final judgment or order." *Nwabara v. Willacy* (May 6, 1994), Cuyahoga App. No. 65450, unreported, 1994 WL 189141, appeal dismissed (1994), 70 Ohio St.3d 1465, 640 N.E.2d 527.

{¶ 5} In October 1995, Willacy filed a complaint in the court of appeals seeking (1) a writ of prohibition to prevent appellees, Judge Smith and the juvenile court, from proceeding any further in the parentage action, and (2) a writ of mandamus compelling appellees to vacate their interlocutory orders and reimburse Willacy for any amounts paid pursuant to those orders.

{¶ 6} Two days after Willacy filed the court of appeals action, Judge Smith ordered Willacy to (1) pay Nwabara $34,003 for past care, (2) pay Nwabara's counsel $5,000 in attorney fees, and (3) share in the $1,842.02 expense for an expert witness. Judge Smith stated that his October 1995 entry was a final order, and he overruled Willacy's motion to stay enforcement of the entry. The court of appeals

dismissed Willacy's appeal from Judge Smith's October 1995 entry because it did not constitute a final appealable order absent a determination on permanent custody and child support. *Nwabara v. Willacy* (June 13, 1996), Cuyahoga App. No. 69786, unreported, 1996 WL 325318.

{¶ 7} In Willacy's action for writs of prohibition and mandamus, the court of appeals converted appellees' motion to dismiss into a motion for summary judgment, and gave Willacy notice of the conversion and an opportunity to respond to the summary judgment motion. The court of appeals subsequently granted appellees' motion and denied the writs.

{¶ 8} The cause is now before this court upon an appeal as of right.

_____

*Willacy, LoPresti & Marcovy* and *Timothy A. Marcovy*, for appellant.

_____

***Per Curiam.***

{¶ 9} Willacy asserts in his propositions of law that the court of appeals erred in granting appellees' motion for summary judgment and denying the requested writs of prohibition and mandamus. Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears that reasonable minds can come to only one conclusion of the evidence, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the summary judgment motion is made. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199.

{¶ 10} Initially, we note appellees did not file an appellate brief in this court. Under S.Ct.Prac.R. VI(6), "[i]f the appellee fails to file a merit brief within the time provided by this rule or as extended in accordance with S.Ct.Prac.R. XIV, Section 3, the Supreme Court may accept the appellant's statement of facts and issues as

correct and reverse the judgment if appellant's brief reasonably appears to sustain the reversal." *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822-823. We do not condone appellees' failure to file a merit brief because "[b]riefs serve the important function of narrowing and sharpening the parties' arguments to the Court." Staff Commentary to S.Ct.Prac.R. VI(6). Nevertheless, for the reasons that follow, Willacy is not entitled to reversal of the court of appeals' judgment.

### *Adequate Remedy at Law*

{¶ 11} The court of appeals determined that Willacy was not entitled to the requested extraordinary relief because appellees did not patently and unambiguously lack jurisdiction to proceed in the parentage action, and Willacy thus had an adequate remedy at law by appeal to raise his jurisdictional contentions. Willacy contends that the court of appeals improperly restricted its review of his action because postjudgment appeal does not constitute an adequate remedy at law. Willacy suggests that due to the inadequacy of the appellate remedy, the court of appeals should have determined each of his jurisdictional contentions, rather than examining only whether a "patent and unambiguous" lack of jurisdiction existed.

{¶ 12} Neither prohibition nor mandamus will lie where relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Appeal is inadequate if it is not complete in its nature, beneficial, and speedy. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 826.

{¶ 13} Willacy asserts that appeal following the entry of a final appealable order by the juvenile court in the parentage action is not an adequate remedy because of the numerous interlocutory orders and the fact that there is no mechanism to guarantee reimbursement of his payments of, *e.g.*, temporary child support, should he obtain a reversal on appeal. But contentions that appeal from

any subsequent adverse final judgment would be inadequate due to time and expense are meritless. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684, 688; *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 200, 638 N.E.2d 74, 77.

{¶ 14} In addition, Judge Smith's interlocutory orders and his failure to require security pending appeal from a subsequent judgment do not render the remedy of postjudgment appeal inadequate. *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 379, 667 N.E.2d 1189, 1194 ("Although the amount of money involved may be substantial, the parties appear to possess a large wealth of marital assets, which includes twelve vehicles and numerous investment accounts. The interlocutory orders and their effect on relator's finances do not supply the 'dramatic fact pattern' necessary for us to conclude that postjudgment appeal is not a complete, beneficial, and speedy remedy."). Willacy advised Judge Smith that he grossed $105,000, and maybe more, in 1991. There is also no evidence in the record that an order on appeal vacating the interlocutory orders and providing for reimbursement of the sums paid by Willacy would necessarily be futile.

{¶ 15} Willacy further claims that postjudgment appeal is inadequate because appellees did not comply with the court of appeals' "mandate" to issue a final, appealable order. See *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 101-102, 647 N.E.2d 792, 796 ("In cases where a lower court refuses to follow a superior court's mandate, appeal is an inadequate remedy, *** [because] *** [t]o hold otherwise might lead to the result of a lower court perpetually refusing a superior court's mandate, necessitating repeated, ineffective appeals."). The court of appeals, however, issued no such mandate in *Nwabara v. Willacy* (May 6, 1994), Cuyahoga App. No. 65450, unreported, 1994 WL 189141. Instead, it simply dismissed the appeal and remanded the cause "for further proceedings according to law." *Id.* Therefore, *Heck* is inapposite.

{¶ 16} In sum, we need not determine whether appellees' exercise of jurisdiction in the parentage proceedings is unauthorized, since postjudgment appeal constitutes an adequate remedy at law to raise the alleged jurisdictional errors, absent a patent and unambiguous lack of jurisdiction. Willacy's arguments to the contrary are an ill-conceived attempt to contravene the well-settled rule that neither prohibition nor mandamus may be employed as a substitute for an appeal from interlocutory orders. *State ex rel. Hunter v. Patterson* (1996), 75 Ohio St.3d 512, 514, 664 N.E.2d 524, 526; *Newton,* 73 Ohio St.3d at 555, 653 N.E.2d at 369; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus.

*Patent and Unambiguous Lack of Jurisdiction*

{¶ 17} Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289, 667 N.E.2d 929, 931. Conversely, appeal is immaterial in prohibition and mandamus actions where the court patently and unambiguously lacks jurisdiction to act. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155, 157. In this latter circumstance, extraordinary relief lies to prevent the excesses of jurisdiction and to invalidate orders previously made that engage in such excesses. *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juv. Div.* (1996), 77 Ohio St.3d 40, 43, 671 N.E.2d 5, 7.

{¶ 18} Willacy contends that appellees lacked jurisdiction over the parentage action because (1) Maxim was conceived during marriage and born within three hundred days of the natural mother's divorce, (2) Hugley, Nwabara's ex-husband, was not joined in the parentage proceeding, (3) the domestic relations court acquired jurisdictional priority over the parentage issue and that issue is still

pending in that court, and (4) even if the domestic relations court's jurisdiction over the parentage issue is exhausted, the statutory nature of the parentage action precludes the juvenile court from subsequently exercising jurisdiction over the parentage action.

{¶ 19} Juvenile courts have original jurisdiction over parentage actions. *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 419, 662 N.E.2d 366, 368; R.C. 3111.06(A). Nwabara, Maxim's natural mother, was a proper party to bring the parentage action. R.C. 3111.07(A). Under R.C. 2151.23(B)(2), appellees possess jurisdiction to "determine the paternity of any child alleged to have been born out of wedlock" pursuant to the parentage provisions. Nwabara's complaint sufficiently alleged that Maxim was born out of wedlock by stating that his conception and birth resulted from Nwabara's affair with Willacy. Appellees thus possessed basic statutory jurisdiction to proceed in the parentage action.

{¶ 20} None of Willacy's jurisdictional contentions establishes a patent and unambiguous divestment of appellees' basic statutory jurisdiction to proceed. In fact, it does not appear that Willacy even asserts on appeal that any of his jurisdictional arguments reflects a patent and unambiguous lack of jurisdiction. Instead, Willacy submits these arguments under his erroneous premise that the court of appeals improperly restricted its analysis to a patent and unambiguous lack of jurisdiction and that this court must consequently resolve each jurisdictional issue under a less restrictive standard. As previously discussed, however, postjudgment appeal provides Willacy with an adequate remedy at law. Therefore, as the court of appeals correctly held, this court need not expressly rule on Willacy's jurisdictional issues, "'since our review is limited to whether *** jurisdiction is *patently and unambiguously lacking.*'" (Emphasis *sic.*) *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 118, 647 N.E.2d 807, 810, quoting *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545.

*Conclusion*

**{¶ 21}** The summary judgment evidence established that appellees did not patently and unambiguously lack jurisdiction to proceed in the parentage action and that Willacy has an adequate remedy in the ordinary course of law by postjudgment appeal to raise his claims of error. Based on the foregoing, the court of appeals properly granted appellees' motion for summary judgment and denied Willacy's request for extraordinary relief in prohibition and mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____