[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 537.]

THE STATE EX REL. HERDMAN ET AL., APPELLANTS, *v.* WATSON, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Herdman v. Watson*, 1998-Ohio-296.]

*Prohibition—Writ prohibiting judge of common pleas court from enforcing pretrial discovery orders—Complaint dismissed, when.*

(No. 98-595—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD12-1663.

———————————

{¶ 1} Appellant Angelia Herdman filed the action entitled *Herdman v. BP America, Inc.,* in appellee Franklin County Court of Common Pleas. Appellant Riyad Altalla is a witness in the case. According to appellants, in December 1997, appellee Judge Michael H. Watson issued entries in the case ordering appellants to produce tangible evidence and testify about matters covered by the privilege against self-incrimination protected by the Fifth Amendment to the United States Constitution. Appellants further claim that Judge Watson ordered them to testify concerning matters subject to the attorney-client and physician-patient privileges.

{¶ 2} Shortly after Judge Watson issued these orders, appellants filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent Judge Watson and the common pleas court from enforcing the orders. The court of appeals granted appellees' Civ.R. 12(B)(6) motion and dismissed the complaint because the "trial court clearly ha[d] discretion to enter discovery orders in a civil action pending before it."

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*David A. Sams*, for appellants.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Jeffrey L. Glasgow*, Assistant Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

{¶ 4} Appellants assert in their sole proposition of law that the court of appeals erred in dismissing their prohibition action. This action, they claim, is appropriate to prevent the enforcement of judicial orders that erroneously violated their constitutional privilege against self-incrimination as well as statutory attorney-client and physician-patient privileges. For the following reasons, however, appellants' proposition lacks merit.

{¶ 5} First, trial courts have the requisite jurisdiction to decide issues of privilege; thus, extraordinary relief in prohibition will not lie to correct any errors in decisions on these issues. See *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 196, 571 N.E.2d 724, 726; *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308.

{¶ 6} Second, appellants did not allege in their complaint that the trial court patently and unambiguously lacked jurisdiction to enter the pretrial discovery orders. In general, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109, 113.

{¶ 7} Therefore, appeal following the entry of a final appealable order constitutes an adequate remedy in the ordinary course of law to resolve any alleged error by the trial court in its pretrial discovery orders. See, *e.g., State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 270, and *Manrow v. Lucas Cty. Court of Common Pleas, Juv. Div.* (1985), 20 Ohio St.3d 37, 20 OBR 285, 485 N.E.2d 713, holding that postjudgment appeal is an adequate legal remedy to raise a purported violation of a person's privilege against self-incrimination,

thereby precluding issuance of a writ of prohibition. In addition, any further evidentiary rulings by the trial court concerning appellants' assertions of privilege may be subject to immediate appeal under R.C. 2505.02, as amended effective July 22, 1998.[1]

{¶ 8} Third, while we have issued a writ of prohibition in extremely rare circumstances to prevent the disclosure of privileged materials, see *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681, appellants' complaint does not reveal any similar usurpation of judicial authority here, *i.e.*, the attachment of prejudicial conditions to the failure to submit evidence. See *Rath*, 62 Ohio St.3d at 420-421, 583 N.E.2d at 1309, distinguishing *Lambdin*.

{¶ 9} Based on the foregoing, the court of appeals properly granted appellees' motion and dismissed appellants' complaint. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

1. In *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890, syllabus, we reaffirmed that discovery orders, including those concerning applicability of privileges, are interlocutory. But we invited the appellees in that case to request the General Assembly to amend R.C. 2505.02 to address their policy contentions. *Id.*, 78 Ohio St.3d at 123, 676 N.E.2d at 894, fn. 2. The General Assembly subsequently enacted Sub.H.B. No. 394, which amends R.C. 2505.02, effective July 22, 1998, by permitting, *inter alia*, a right of immediate appeal from certain trial court decisions concerning discovery of privileged matter.