[The State ex rel.] Abner et al., Appellants, *v.* Elliott, Judge, Appellee.

[Cite as *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11.]

12

(No. 98–1786—Submitted January 26, 1999—Decided March 17, 1999.)

14

*Manley, Burke, Lipton & Cook* and *Andrew S. Lipton; Pratt & Singer Co., L.P.A.,* and *Michael R. Thomas; Chester, Willcox & Saxbe, L.L.P.,* and *J. Craig Wright,* for appellants.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Victoria Daiker,* Assistant Prosecuting Attorney, for appellee.

*Baker & Hostetler L.L.P.* and *Robin E. Harvey,* urging affirmance for *amici curiae,* CBS Corp., f.k.a. Westinghouse Corp., Georgia Pacific Corp., and Uniroyal, Inc.

*Baker & Hostetler L.L.P.* and *Wade Mitchell,* urging affirmance for *amicus curiae,* Beazer East, Inc.

*Barron, Peck & Bennie* and *Dave W. Peck,* urging affirmance for *amicus curiae,* North American Refractories.

*Israel, Wood & Puntil, P.C.,* and *Chris Beck,* urging affirmance for *amicus curiae,* General Refractories.

*Willman & Arnold* and *Ruth Antinone,* urging affirmance for *amicus curiae,* Combustion Engineering.

*Regina M. Massetti,* urging affirmance for *amicus curiae,* Ogelbay Norton Co.

*Cash, Cash, Eagen & Kessel* and *Thomas L. Eagen, Jr.,* urging affirmance for *amicus curiae,* Mallenkrodt, Inc.

*Benesch, Friedlander, Coplan & Aronoff* and *Frederic X. Shadley,* urging affirmance for *amicus curiae,* AndCo., Inc.

*Gallagher, Sharp, Fulton & Norman* and *Edward J. Cass,* urging affirmance for *amici curiae,* George Reintjes and Janos Industrial Corp.

*Thompson, Hine & Flory* and *Barbara J. Arison,* urging affirmance for *amicus curiae,* Flintkote Co.

*Bonezzi, Switzer, Murphy & Polido* and *Kevin O. Kadlec,* urging affirmance for *amicus curiae,* ICF Kaiser Engineers.

*Vorys, Sater, Seymour & Pease* and *Richard Schuster,* urging affirmance for *amicus curiae,* ACandS, Inc.

*Buckingham, Doolittle & Burroughs* and *Reginald S. Kramer,* urging affirmance for *amicus curiae,* PPG Industries, Inc.

---

***Per Curiam.***

### Oral Argument

Appellants request oral argument for this appeal pursuant to S.Ct.Prac.R. IX(2). Among the factors we consider in determining whether to grant oral

argument under S.Ct.Prac.R. IX(2) are whether the case involves a matter of great importance, complex issues of law or fact, a substantial constitutional issue, or a conflict between courts of appeals. *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 286, 690 N.E.2d 1273, 1276.

Despite appellants' contentions to the contrary, oral argument is not warranted here. We recently decided a similar prohibition action challenging a trial court's rulings on privilege issues. *State ex rel. Herdman v. Watson* (1998), 83 Ohio St.3d 537, 700 N.E.2d 1270. In addition, we have also recently addressed the crime-fraud exception to the attorney-client privilege. *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 700 N.E.2d 12. None of the pertinent criteria requires oral argument here. The parties and *amici curiae*'s briefs are sufficient to resolve this appeal.

Based on the foregoing, we deny appellants' request for oral argument and proceed to determine the merits of their appeal based on the submitted briefs.

*Merits*

Appellants assert in their propositions of law that the court of appeals erred in dismissing their prohibition action. Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relators' favor, it appears beyond doubt that they can prove no set of facts warranting relief. *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311, 695 N.E.2d 751, 754. Appellants claim that dismissal was improper because Judge Elliott exercised unauthorized judicial power by ordering disclosure of privileged materials and issuing sanctions without first conducting an *in camera* inspection of the privileged matters. For the reasons that follow, however, appellants' claims lack merit, and the court of appeals properly dismissed their prohibition action.

First, as we have consistently held, "trial courts have the requisite jurisdiction to decide issues of privilege; thus extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues." *Herdman*, 83 Ohio St.3d at 538, 700 N.E.2d at 1271; *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 196, 571 N.E.2d 724, 726; *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308. Trial courts also have extensive jurisdiction over discovery, including inherent authority to direct an *in camera* inspection of alleged privileged materials and to impose sanctions for failure to comply with discovery orders, so a writ of prohibition will not generally issue to challenge these orders. See *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 95–96, 554 N.E.2d 1297, 1299–1300; see, also, *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1, syllabus ("A trial court has broad discretion when imposing discovery sanctions."). In addition, the issue of wheth-

er there has been a sufficient factual showing of the crime-fraud exception to justify an *in camera* inspection is also for the trial court's determination. See, *e.g., Nix,* 83 Ohio St.3d at 383–384, 700 N.E.2d at 16–17.

Second, absent a patent and unambiguous lack of jurisdiction on the part of Judge Elliott in issuing the challenged discovery orders, appellants have an adequate remedy by appeal to resolve any alleged error by Judge Elliott. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 270. In other words, an appeal from the discovery orders challenged by appellants provides an adequate legal remedy because if appellants are victorious on appeal, a new trial would remedy any potential harm to them from Judge Elliott's orders. The attorney-client privilege invoked here is peculiarly related to the underlying asbestos litigation. In *Nelson v. Toledo Oxygen & Equip. Co.* (1992), 63 Ohio St.3d 385, 388–389, 588 N.E.2d 789, 791–792, we similarly observed:

"[A]ppellant is questioning the ability of an appellate court after final judgment to remedy an erroneous work-product disclosure. We believe, however, that he takes too narrow a view of an appellate court's ability to fashion appropriate relief. We can conceive of no circumstance, and appellant points to none, in which an appellate court could not fashion an appropriate remand order that would provide substantial relief from the erroneous disclosure of work-product materials. * * *

"In this regard, we distinguish appellant's work-product claim from claims of physician-patient and informant confidentiality * * *. Because the work-product exemption protects materials that are peculiarly related to litigation, any harm that might result from the disclosure of those materials will likewise be related to litigation. An appellate court review of such litigation will necessarily be able to provide relief from the erroneous disclosure of work-product materials."

Third, appeal following a final judgment is not rendered inadequate due to the time and expense involved. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 50, 676 N.E.2d 109, 112. The large number of asbestos cases involved similarly does not establish inadequacy of the appellate remedy. Once the court of appeals resolves the propriety of the challenged discovery orders in the first appeal that raises these issues, it will necessarily resolve the issue for the other pending Butler County cases.

Fourth, any further discovery rulings by Judge Elliott or other trial court judges in the asbestos cases may be subject to immediate appeal under R.C. 2505.02, as amended effective July 22, 1998. *Herdman,* 83 Ohio St.3d at 539, 700 N.E.2d at 1272. In fact, *amici curiae* defendants in the underlying asbestos litigation claim, and appellants do not dispute, that they have filed an appeal pursuant to amended R.C. 2505.02 to address these same issues.

Fifth, the cases upon which appellants substantially rely, *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681, and *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, are inapposite. *Lambdin* involved an "extreme and legally questionable" trial court ruling concerning applicability of the physician-patient privilege and the attachment of prejudicial conditions that rendered the remedy of appeal inadequate. *Lambdin*, 21 Ohio St.2d at 24, 50 O.O.2d at 46, 254 N.E.2d at 683. Here, as discussed previously, appeal provides an adequate legal remedy, and any harm imposed upon appellants is reparable. Judge Elliott additionally followed *Peyko* by ordering submission of claimed privileged materials to the court for an *in camera* inspection, and *Peyko* is not a prohibition case.

Sixth, to the extent that appellants claimed in their prohibition complaint that Texas court decisions concerning the deposition preparation document precluded Judge Elliott's discovery orders, *res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal. *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280.

Finally, appellants improperly requested in their prohibition complaint a declaration that there was no evidence of a waiver of the attorney-client privilege or any evidence of fraud in their cases so as to require an *in camera* inspection of the privileged materials and testimony. Courts of appeals lack original jurisdiction over claims for declaratory judgment. *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 180, 699 N.E.2d 64, 66.

Based on the foregoing, the court of appeals properly dismissed appellants' prohibition action pursuant to Civ.R. 12(B)(6). Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.