[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 23.]

THE STATE EX REL. BUTLER COUNTY CHILDREN SERVICES BOARD,
APPELLANT, *v.* SAGE, JUDGE, APPELLEE.

[Cite as *State ex rel. Butler Cty. Children Serv. Bd. v. Sage*, 2002-Ohio-1494.]

*Mandamus sought to direct common pleas court judge not to disclose child abuse records—Dismissal of complaint affirmed.*

(No. 01-1668—Submitted February 5, 2002—Decided April 3, 2002.)

APPEAL from the Court of Appeals for Butler County, No. CA2001-07-164.

_____

**Per Curiam.**

{¶ 1} In May 1999, James Hughes, Sharon Hughes, and their minor daughter, Mary Hughes, filed a complaint in the Butler County Court of Common Pleas alleging that appellant, Butler County Children Services Board ("BCCSB"), and certain of its employees had committed defamation and various other tortious acts. The plaintiffs filed a motion to compel BCCSB and the other defendants to produce a protective-service referral form that BCCSB claimed was privileged. The form included child-abuse allegations. The plaintiffs alternatively requested that the common pleas court conduct an *in camera* inspection of the form to determine whether it was privileged.

{¶ 2} After conducting an *in camera* inspection of the form, appellee, Butler County Court of Common Pleas Judge Michael Sage, granted the motion to compel disclosure of the form by entry dated July 12, 2001. The entry did not contain a Civ.R. 54(B) express determination of no just reason for delay.

{¶ 3} On July 16, 2001, BCCSB filed a complaint in the Court of Appeals for Butler County for a writ of mandamus or, in the alternative, a writ of prohibition "directing the court not to disclose the child abuse records." On July 18, 2001, the court of appeals ordered Judge Sage not to release the form until August 2001 so

that BCCSB's writ action could be resolved before that time. As the writ action proceeded, BCCSB and the other defendants in the underlying action filed a notice of appeal from Judge Sage's July 12 entry.

{¶ 4} On August 1, 2001, the court of appeals dismissed the writ action. The court of appeals reasoned that BCCSB had an adequate remedy by appeal to challenge Judge Sage's July 12 entry. This cause is now before the court upon BCCSB's appeal as of right.

{¶ 5} In its sole proposition of law, BCCSB contends that Judge Sage's July 12, 2001 entry ordering BCCSB to release its confidential records during discovery "is an order which is subject to an action in mandamus to challenge its validity." In the conclusion of its appellate brief, BCCSB claimed that "[a] reversal will allow the Appellants to pursue an action in mandamus to challenge the validity of the trial court's order." On appeal, BCCSB does not appear to specifically claim that the court of appeals' dismissal of its prohibition claim was erroneous.

{¶ 6} Regarding BCCSB's mandamus claim, it requested a writ of mandamus "directing the [common pleas] court not to disclose the child abuse records." " 'In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704; *State ex rel. Walker v. Bowling Green* (1994), 69 Ohio St.3d 391, 392, 632 N.E.2d 904. BCCSB's mandamus claim is merely an ill-disguised request for prohibitory injunctive relief, *i.e.*, to prevent Judge Sage from disclosing the child abuse records. Therefore, the court of appeals lacked jurisdiction and properly dismissed the

mandamus claim. See *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 71, 72, 711 N.E.2d 684.[1]

{¶ 7} Moreover, even if BCCSB's argument here were sufficiently broad to encompass its prohibition claim, dismissal is additionally warranted for the following reasons.

{¶ 8} As we have consistently held, " 'trial courts have the requisite jurisdiction to decide issues of privilege; thus extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues.' " *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765, 769, quoting *State ex rel. Herdman v. Watson* (1998), 83 Ohio St.3d 537, 538, 700 N.E.2d 1270; *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 196, 571 N.E.2d 724; *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308.

{¶ 9} Finally, BCCSB has an adequate remedy by immediate appeal of Judge Sage's July 12, 2001 entry and a motion to stay the order pending appeal. Neither prohibition nor mandamus will issue if the relator has an adequate remedy in the ordinary course of law. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428, 751 N.E.2d 472.

{¶ 10} Notwithstanding BCCSB's claims to the contrary, the July 12, 2001 entry that granted the provisional remedy ordering the discovery of the allegedly privileged record did not need to comply with Civ.R. 54(B) to constitute a final appealable order. A provisional remedy is a remedy other than a claim for relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B). *Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp.* (2001), 141 Ohio App.3d 777, 781-782, 753 N.E.2d 864; *Premier Health Care Serv., Inc. v. Schneiderman* (Aug. 21, 2001), Montgomery App. No.

---

1. Even assuming that BCCSB is correct that the court of appeals erred in its specified rationale for dismissal, this would not require reversal. See *Johnson v. Timmerman-Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 ("we will not reverse a correct judgment based on an appellate court's erroneous rationale").

18795, unreported, 2001 WL 1479241; but, cf., *Chambers v. Chambers* (2000), 137 Ohio App.3d 355, 360, 738 N.E.2d 834.

{¶ 11} Based on the foregoing, the court of appeals properly dismissed BCCSB's action, and we affirm its judgment.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jack C. McGowan & Associates* and *Jack C. McGowan*, for appellant.

_____