I.
We review the imposition of discovery sanctions for an abuse of discretion. Instead of applying this deferential standard of review, the majority simply substitutes its judgment for that of the trial court, offering that the exclusion of an expert report should be reserved for the most egregious cases of discovery abuses, and adding the hitherto unknown requirement that a party seeking to exclude the testimony of a witness must wait until that witness has ignored a subpoena. In light of the facts that show the plaintiff's dilatory discovery actions, I would hold that the trial court did not abuse its discretion in excluding the expert's testimony. I therefore respectfully dissent.
 II.
Many of those facts that show plaintiff's counsel's dilatory actions were left out of the majority opinion, a reading of which would leave the impression that counsel simply sought a few, routine extensions. In fact, plaintiff's counsel repeatedly requested leaves, repeatedly failed to meet extended deadlines that were granted as a result of those requested leaves and generally failed to cooperate with defense counsel.
For example, plaintiff's counsel, with leave, filed an August, 1998 report of Dr. Payne in December of 2000, sixteen months after the report was completed, three months after the court's original deadline and two months after the extended deadline. Without this report, plaintiff would have been unable to make a prima facie case of medical negligence.
Similarly, plaintiff's counsel did not respond to defense counsel's scheduling letters of June 14th, July 2nd, July 19th and July 30, 2001, until August 6th, when she informed the defendants that she was still awaiting responses from her experts.
Further still, after a hearing on August 21st regarding defense counsel's motions to exclude the testimony of plaintiff's experts, the court granted the plaintiff's request for leave until the next day (August 22nd) to respond. Despite the fact that the plaintiff did not respond until August 24th, the trial court on that day[2] entered an order that denied the defendants' motions to exclude the plaintiff's expert testimony so long as the plaintiff's experts were deposed before the trial deposition of defendants' expert was taken.
Finally, after all of these delays and two days after the court's order, plaintiff's counsel was suddenly able to provide Dr. Payne for deposition. At around noon on August 26th (a Sunday), plaintiff's counsel called defense counsel at home to inform them that Dr. Payne was available at 5:00 that afternoon. Counsel for University Hospital rejected the proposal. Counsel for Doctors Hricik and Boom, who was not home at the time of the call, did not get the message until 5:30 p.m.
 III. A.
The dilatory tactics of plaintiff's counsel detailed above are grounds for sanction because a trial court has wide discretion over discovery matters for the benefit of the individual case before it and for increased judicial economy as a whole. See Abner v. Elliot (Jul. 20, 1998), Butler App. No. CA98-02-038 (A judge clearly has the inherent power as trial judge to supervise the proceedings before him to insure an orderly and efficient exercise of jurisdiction. (Citations omitted.)
* * * The power to supervise proceedings includes the power to supervise discovery. (Citations omitted.)). Further, this extensive jurisdiction over discovery includes the inherent authority * * * to impose sanctions for failure to comply with discovery orders[.] State ex rel. Abner v. Elliott, 85 Ohio St.3d 11, 16, 1999-Ohio-199, 706 N.E.2d 765,769. See, also, Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254,1996-Ohio-159, 662 N.E.2d 1, syllabus; State ex rel. Grandview Hosp. 
Medical Center v. Gorman (1990), 51 Ohio St.3d 94, 554 N.E.2d 1297.
In deciding what sanctions to impose, the court should look to several factors:
 the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate. Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 521 N.E.2d 1116, paragraph three of the syllabus (emphasis added).
Moreover, state and local rules encourage parties to take care of discovery themselves. For example, a Cuyahoga County rule states that, [c]ounsel are expected to make a timely and good faith effort to confer and agree to schedules for the taking of depositions. Loc.R. 13(B)(1). Further, the local rules require parties, at a case management conference, to set a definite discovery schedule and determine a definite date for exchange of expert witness reports. Loc.R. 21, Part I(D)(2), (4). Also, before a party may move a trial court for an order to compel discovery, that party first must have made an effort to resolve the dispute with opposing counsel. Civ.R. 37(E).[3] This expected cooperation between counsel and the discretion given to trial courts to regulate discovery make it clear to me that a subpoena is not the only means of procuring the testimony of an expert and, further, that a party may be sanctioned for discovery abuses which are not as egregious as ignoring a subpoena.
 B.
The majority's conclusion that it is arbitrary and unreasonable to require a party to provide a non-party witness for deposition because the party has no control over another person is unpersuasive for a number of reasons. First, the court's discovery deadlines here rendered a subpoena unnecessary.
Second, particularly in a medical negligence case, in which the plaintiff has the burden of providing an expert to make a prima facie showing, it is neither arbitrary nor unreasonable to sanction the plaintiff for failing (over and over again) to provide that expert for deposition.[4]
Finally, under the majority's no-control-over-another-person rule, it would have been no less arbitrary or unreasonable for the trial court to have excluded Dr. Payne's testimony even if he had ignored a subpoena — because a subpoena issued by the defendants would not have placed him under the control of the plaintiff.
 C.
Therefore, I would hold that the trial court did not abuse its discretion when, after considering the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which [plaintiff's counsel] had to comply[;] what efforts, if any, were made to comply; and the ability or inability of [plaintiff's counsel] to comply[;] it excluded the testimony of Dr. Payne. Russo, supra.
 IV.
Finally, I should note that the trial court's sanction would not have left the plaintiff without recourse. In light of the dilatory tactics undertaken by his attorney, which amounted to a failure to prosecute his case, the plaintiff could have sought recovery for malpractice.
[2] The majority states that the court issued this order on August 27th and this is what the court's journal shows. Lowe's brief makes clear, however, that he was notified of the order on August 24th. (Appellant's Br. at 6.)
[3] In fact, the trial court below denied a defense motion to compel because the defense had violated Civ.R. 37(E). In that same journal entry (October 25, 2000), the court ordered the plaintiff to comply with discovery by October 31, 2000.
[4] Eight months after the filing of the expert's report and two months after defense counsel's first attempt to schedule his deposition, plaintiff counsel's sudden offer to produce him two days after the court notified her of the new deadline strongly suggests that the court's order was reasonable and the plaintiff counsel's delays were unreasonable. The offer also undermines the majority's contention that the plaintiff had no control over Dr. Payne. See Russo, supra (among the factors to be considered in leveling a sanction is the ability or inability of the faulting party to comply[.]).