HUNTINGTON NATIONAL BANK et al.; Yoder
Machinery Sales Company, Appellee,

v.

WELDON F. STUMP & CO., INC., Appellant, et al.

[Cite as *Huntington Natl. Bank v. Weldon F. Stump & Co., Inc.,* 160 Ohio App.3d 14, 2005-Ohio-1224.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1351.

Decided March 14, 2005.

John J. McHugh III and Karen J. Wensink, for appellee.

Patricia B. Fugée and Jason M. Shinn, for appellant.

Per Curiam.

{¶ 1} This case is before the court on motion of appellant, Weldon F. Stump and Company, Inc. ("Stump"), to determine the jurisdiction of this court to hear

its appeal. Appellee, Yoder Machinery Sales Company ("Yoder"), filed a memorandum in response in which it states that the court does not have jurisdiction to hear this appeal because the order that Stump wishes to appeal is not final and appealable. Stump filed a reply memorandum in support of jurisdiction. For the reasons that follow, we find that we do have jurisdiction to hear this appeal.

{¶ 2} Stump and Yoder are partners in the business of buying and selling machinery. Stump was placed in receivership when it defaulted on several bank loans. The court appointed Patricia B. Fugée as Stump's receiver. Yoder filed a complaint against Stump for dissolution, winding up, accounting, and termination of the partnership. Stump counterclaimed, stating 12 causes of action against Yoder in connection with the partnership. Yoder asked to be declared the winding-up partner pursuant to R.C. 1775.36 in its complaint. Stump, through its receiver, filed a motion to be declared the winding-up partner.

{¶ 3} On October 25, 2004, the trial court judge issued the following order:

{¶ 4} "This matter came on for hearing on the Receiver's Motion to be Declared the Partner to Wind Up the 'Stump/Yoder' Partnership and for Authority to Sell Partnership Property Where the Majority Consents to Sale * * * and the Opposition Memorandum thereto submitted by Yoder Machinery Sales Company * * *.

{¶ 5} "IT IS ORDERED that the Receiver's Motion be, and it hereby is, denied in all respects."

{¶ 6} Stump asserts that this order is final and appealable, and Yoder argues that it is not. R.C. 2505.02 governs appealability and states:

{¶ 7} "(A) As used in this section:

{¶ 8} "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶ 9} "(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

{¶ 10} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, or a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

{¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 14} "(3) * * *

{¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 18} Stump argues that the order denying its motion to be named winding-up partner is appealable under R.C. 2505.02(B)(4), the provisional-remedy portion of the statute. We find that a motion to be declared the winding-up partner of a partnership is a provisional remedy, that is, "a proceeding ancillary to" the action to dissolve and terminate the partnership.

{¶ 19} However, identifying an order as a provisional remedy is only the first step in determining whether the order is final and appealable under R.C. 2505.02(B)(4). Not all provisional remedy orders are final orders. A final order must also "determine the action with respect to the provisional remedy and prevent a judgment in the action in favor of the appealing party with respect to the provisional remedy" as well as having the effect that "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 20} We find that the order determines Stump's motion to be named the winding-up partner and does not leave the issue open to be revisited at a later date. We further find that the denial of Stump's motion prevents a judgment in Stump's favor on the issue whether it will be the winding-up partner.

{¶ 21} Finally, we reach the issue whether Stump will be afforded a meaningful or effective remedy if it must wait to appeal the order following final judgment when the partnership has been dissolved, the assets accounted for, and the partnership terminated. We have not found any cases that have addressed this specific issue. By analogy, however, we find that this situation is very similar to a dispute over who will be named the executor of an estate in probate. In *In re Estate of Nardiello* (Oct. 30, 2001), 10th Dist. No. 01–AP–281, 2001 WL 1327178, the court states:

{¶ 22} "The provisions of R.C. 2505.02(B)(4) specify that an order granting a provisional remedy shall be appealable if it (A) determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and (B) the appealing party would not be afforded 'a meaningful or effective remedy by an appeal' following a final judgment in the action as a whole. The removal of an executor, we find, falls within this category of provisional remedies for which no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor. It is therefore on the basis of R.C. 2505.02(B)(4) that we conclude that the removal of appellant as executor in the present case constitutes a final appealable order from which appellant may appeal."

{¶ 23} We find that logic and reasoning to be applicable in the instant situation. Stump's stated intent as winding-up partner is to identify all property in Yoder's control that is partnership property and to sell it at auction as soon as possible. Yoder wants to retain control over the partnership property and sell it in the ordinary course of business. These two methods of disposing of partnership property would likely realize different monetary returns for the partnership property on different timetables. Thus, once the partnership property is sold and accounted for and the partnership is terminated, Stump would not be afforded appropriate relief if this court found that Stump should have been named the winding-up partner. Therefore, we find that unless Stump can appeal now, it will not be afforded a meaningful or effective remedy in an appeal following final judgment.

{¶ 24} Finally, Yoder argues that even if the denial of the motion to be appointed winding-up partner is appealable pursuant to R.C. 2505.02, since the order does not contain a Civ.R. 54(B) determination that there is no just cause for delay, the order is interlocutory and not yet appealable. In *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, the court states, "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." Id. at syllabus. In *State ex rel. Butler Cty. Children Servs. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25, 2002-Ohio-1494, 764 N.E.2d 1027 the court states:

{¶ 25} "A provisional remedy is a remedy other than a claim for relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B)."

{¶ 26} We find that the absence of a Civ.R. 54(B) determination of no just reason for delay from the trial court's order does not affect the final appealability of that order.

{¶ 27} Accordingly, we find that this court has jurisdiction over this appeal. Appellee's brief shall be filed within 20 days of the date of this decision and judgment entry.

So ordered.

PETER M. HANDWORK, MARK L. PIETRYKOWSKI and WILLIAM J. SKOW, JJ., concur.