[Cite as *State ex rel. Parma Cty. Gen. Hosp. v. O'Donnell*, 2013-Ohio-2923.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100005

---

## STATE EX REL., PARMA COMMUNITY GENERAL HOSPITAL

RELATOR

vs.

## JUDGE DEANNA O'DONNELL, ET AL.

RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Prohibition
Sua Sponte Order No. 466029

**RELEASE DATE:**    July 1, 2013

**ATTORNEY FOR RELATOR**

Michael P. Cassidy
Cassidy & Associates
11221 Pearl Road
Strongsville, OH    44136

**ATTORNEY FOR RESPONDENTS**

Timothy G. Dobeck
Director of Law
City of Parma
6611 Ridge Road
Parma, OH    44129

EILEEN A. GALLAGHER, J.:

{¶1} On June 17, 2013, the petitioner, Parma Community General Hospital, commenced this prohibition action against the respondent, Parma Municipal Court Judge Deanna O'Donnell and the Chief of the City of Parma Police Department, to prohibit the judge from enforcing a search warrant and to enjoin the police department from engaging in the search. For the following reasons, this court sua sponte denies the application for a writ of prohibition.

{¶2} The affidavit supporting the search warrant stated that on May 4, 2013, Parma police investigated the possible homicide of a resident of Parma. The investigation indicated that the perpetrator may have also been injured, evidenced by blood droplets on the decedent and a blood trail leading away from the crime scene and toward the entrance of a condominium close to the victim's residence. DNA examination of the blood evidence confirmed that the blood from the trail was not that of the victim. The police obtained DNA samples from Edward and Aaron Davies, residents of a neighboring condominium. Further testing showed that Edward's DNA matched the blood recovered from the crime scene. The Parma police arrested both Edward and Aaron Davies on May 10, 2013. Aaron Davies had visible injuries on his right forearm and admitted to having a stab wound on his right leg. Parma police transported Aaron to Parma Community Hospital for treatment for these injuries.

**{¶3}** On May 22, 2013, Parma police obtained a search warrant from the respondent judge for the medical records, test results, medical bills and any other documents from Parma Community Hospital for the treatment of Aaron Davies on May 10, 2013.    The hospital commenced this prohibition action to stop the enforcement of the search warrant.   The hospital argues that R.C. Chapter 2933, which governs search warrants, does not provide a basis for searches and seizures of hospital records, and that the subject search warrant violates R.C. 2317.02, privileged communications, and the Fourth Amendment.

**{¶4}** A writ of prohibition, however, is not the proper remedy to pursue.   The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989).   Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction.   *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction."   *State ex rel. Sparto v. Juvenile Court of Darke Cty.,*   153 Ohio St. 64, 65, 90 N.E.2d 598 (1950).   Furthermore, it should be used with great caution and not issue

in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). Absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶5} In the present case, Crim.R. 41(B) granted the respondent judge the authority to issue the warrant. *State ex rel. Ohio Bell Tel. Co. v. Williams*, 63 Ohio St.2d 51, 407 N.E.2d 2 (1980). Furthermore, "trial courts have the requisite jurisdiction to decide issues of privilege; thus extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues." *State ex rel. Abner v. Elliot*, 85 Ohio St.3d 11, 16, 1999-Ohio-199, 706 N.E.2d 765, quoting *State ex rel. Herdman v. Watson*, 83 Ohio

St.3d 537, 538, 700 N.E.2d 1270 (1998). At the very least, the trial judge has sufficient jurisdiction to determine her own jurisdiction, and prohibition will not lie.

{¶6} Nor has the petitioner convinced this court that there is no adequate remedy at law. In *State ex rel. Satow v. Gausse-Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, the Supreme Court of Ohio indicated that an action for declaratory judgment and prohibitory injunction may be an adequate remedy at law precluding an extraordinary writ. The court further notes that trial courts have often entertained motions to quash search warrants.

{¶7} The court further finds that the Chief of the City of Parma Police Department is not a proper party to this prohibition. The execution of the search warrant is not an exercise of judicial or quasi-judicial power; searches are executive in nature. Moreover, an appellate court does not have jurisdiction to grant injunctive relief. Thus, "prohibition is not available to forbid searches." *State ex rel. Hensley v. Nowak*, 52 Ohio St.3d 98, 556 N.E.2d 171 (1990).

{¶8} Accordingly, this court, sua sponte, denies the application for a writ of prohibition. Petitioner to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR