OPINION
Plaintiff-appellant, Stanley Mieczkowski, appeals from the decision of the Jefferson County Common Pleas Court that overruled his motion for a protective order and motion in limine to prohibit defendant-appellee, Jennifer King, from discovering certain privileged medical information.
On June 24, 1997, appellant and appellee were involved in an automobile collision. Appellant filed a complaint against appellee. Appellant claimed that he injured his neck and back and suffered extreme pain from his buttock down his leg into his foot. Upon appellant's motion, the trial court granted him summary judgment on the issue of liability. The issues that remain are those of proximate cause and damages.
Appellant filed a motion for a protective order to prohibit appellee from discovering certain privileged medical information and a motion inlimine to prevent appellee from asking any questions about the privileged medical information. The court held a hearing on appellant's motions. Although the court stated that appellant's motions were overruled, in effect, it overruled the motions in part and granted them in part. The court only ordered appellant to execute releases for medical information for those injuries appellant claimed he sustained in the accident and for any prior treatment given for medical conditions that were causally or historically related to the injuries appellant claims he sustained in the accident. This timely appeal followed.
Initially we will address appellee's single cross assignment of error which states:
 "THE TRIAL COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER IS NOT A FINAL APPEALABLE ORDER UNDER R.C. 2505.02 AND THEREFORE, PLAINTIFF'S APPEAL IS PREMATURE."
Appellee filed a motion to dismiss the present appeal for lack of a final appealable order, which this court overruled in its journal entry of October 25, 2000. Accordingly, since this court has already dealt with the issue of appealability, we need not address it further as it is resjudicata.
Appellant raises six assignments of error all of which allege that the court erred in ordering him to authorize the release of his medical records to appellee. His assignments of error are essentially six arguments to support his single allegation. Appellant's first assignment of error states:
 "THE TRIAL COURT DISREGARDED THE DISTINCTION BETWEEN RECORDS AS OPPOSED TO PHYSICIAN TESTIMONY."
Appellant argues that the trial court failed to consider that R.C.2317.02(B) applies only to the waiver of the doctor-patient privilege regarding a physician's testimony. He contends that R.C. 2317.02(B) does not apply to medical records. Appellant cites Baker v. Quick Stop OilChange Tune-Up (1990), 61 Ohio Misc.2d 526, for this proposition.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED BY APPLYING THE WARGO CASE TO DISCOVERABILITY OF RECORDS."
Appellant contends that the trial court erroneously applied Wargo v.Buck (1997), 123 Ohio App.3d 110, to the case sub judice. He asserts thatWargo dealt strictly with the statutory waiver of the physician-patient privilege as to the physician's testimony and not as to medical records. He argues that Wargo does not compel the discovery of medical records.
The trial court has broad discretion regarding discovery issues and its decision will not be reversed absent an abuse of this discretion. Tracyv. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147; State exrel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55. An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
This court previously dealt with the issue of whether a plaintiff who files a personal injury action waives his physician-patient privilege inWargo, supra. We reasoned that the underlying rationale for the waiver of the physician-patient privilege is to prevent patients from filing personal injury lawsuits and using the privilege to avoid responding to discovery requests. Id. at 120. We opined that once the physician-patient privilege is found not to apply, the physician may be compelled to testify or to submit to discovery, subject only to the limitation that the medical information is causally or historically related to the injuries at issue in the civil action. Id. at 121. We also noted that the physician-patient privilege is entirely statutory and must be strictly construed against the party seeking to enforce it. Id. at 120. The privilege is governed by R.C. 2317.02, which provides in pertinent part:
 "The following persons shall not testify in certain respects:
 "(B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
 "The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:
 "(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:
"* * *
 "(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.11
of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative." (Emphasis added.)
R.C. 2317.02(B)(1)(a)(iii) applies to the case at bar because appellant is a patient who has filed a civil action. However, just because appellant fits into this category, his medical records are not automatically discoverable. R.C. 2317.02(B)(3)(a) limits the communications which appellee may discover. It provides:
 "(B)(3)(a) If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code." (Emphasis added.)
R.C. 2317.02(B)(5)(a) defines a "communication" as including "any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis." Hence, according to R.C. 2317.02(B), appellee may discover appellant's communications to his physicians, including medical records, but only those that relate causally or historically to his claimed injuries. The trial court specifically limited its order to appellant to authorize the release of his medical records to include only that information that is causally or historically related to the injuries he sustained in the accident. The trial court also provided that should a question arise regarding whether a communication is causally or historically related to appellant's injuries, it will conduct an in camera review of the communication to make that determination.
Therefore, appellant's first two assignments of error are without merit.
Appellant's third assignment of error states:
 "THE PRIVILEGE — UNAUTHORIZED DISCLOSURE OF PRIVILEGED MEDICAL RECORDS IS PROHIBITED AND ACTIONABLE EVEN IN THE FACE OF A SUBPOENA OR COURT ORDER."
Appellant maintains that absent a patient's express or implied waiver, doctors and hospitals cannot release medical records even when faced with a subpoena.
In the case sub judice, the trial court ordered appellant to execute authorizations for the release of his medical information. Appellant must comply with the court's order and authorize his various physicians and hospitals to release his medical records. Once appellant complies with the court's order, the physicians and hospitals will be acting in accordance with R.C. 2317.02(B) and with appellant's consent.
Therefore, appellant's third assignment of error is without merit.
Appellant's fourth assignment of error states:
 "THE MERE FILING OF A PERSONAL INJURY LAWSUIT DOES NOT WAIVE THE PRIVILEGE WITH REFERENCE TO MEDICAL RECORDS; THEREFORE, SUCH RECORDS ARE NOT DISCOVERABLE WITHOUT (1) AN EXPRESS WAIVER BY THE PATIENT OR (2) A DOCTOR'S DEPOSITION WHICH IDENTIFIES `CAUSALLY AND HISTORICALLY RELATED' COMMUNICATIONS CONTAINED IN THOSE RECORDS."
Appellant asserts that a plaintiff does not waive his physician-patient privilege by filing a personal injury lawsuit. Citing, State ex rel.Lambdin v. Brenton (1970), 21 Ohio St.2d 21. He further argues that a trial court has no authority to order a plaintiff to disclose medical records. Citing, Id. Appellant claims that in the instant case, appellee must first depose appellant's doctors to discover if any previous communications between himself and the doctors relate causally and historically to his injuries.
When a patient testifies regarding his medical condition, he in effect waives his physician-patient privilege. Covington v. Sawyer (1983),9 Ohio App.3d 40, paragraph six of the syllabus; Long v. Isakov (1989),58 Ohio App.3d 46, paragraph four of the syllabus. In the present case, appellant was deposed and testified regarding his various medical conditions and problems, some of which affected the same parts of his body that he claims he injured in the accident. This information would lead appellee to believe that some of appellant's past medical problems are causally or historically related to the injuries appellant sustained in the accident. Determining the proximate cause of appellant's injuries is necessary to appellee's defense. The only way for appellee to do this is by examining appellant's medical records that relate causally or historically to his claimed injuries. Therefore, appellant's fourth assignment of error is without merit.
Appellant's fifth assignment of error provides:
 "THE FEDERAL ASPECTS OF THE PRIVILEGE ARE NOT WAIVED BY THE MERE FILING OF A PERSONAL INJURY LAWSUIT."
Appellant seems to argue that like certain federal law prohibiting the disclosure of medical records for those treated for drug or alcohol related conditions except under certain circumstances, he too should not be compelled to disclose his medical records.
In a civil case involving claims based on state law, the existence of a privilege is to be determined in accordance with state, not federal, law.Jewell v. Holzer Hosp. Foundation (6th Cir. 1990), 899 F.2d 1507, 1513. Furthermore, the Ohio Rules of Evidence provide that "[t]he privilege of a witness, person, * * * shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience." Evid.R. 501.
Accordingly, appellant's fifth assignment of error is without merit.
Appellant's sixth assignment of error provides:
 "A COURT-ORDERED PRODUCTION OF MEDICAL RECORDS (CONTAINING INFORMATION UNRELATED TO CLAIMED INJURIES) CONSTITUTES AN INVASION OF THE CONSTITUTIONAL RIGHT OF PRIVACY."
Appellant argues that his constitutional right of privacy prohibits the court from ordering him to disclose his medical records.
The rationale for the compulsory waiver of the physician- patient privilege is that "if the physical condition of a patient was at issue in a case, it would be a `burlesque upon logic to allow the patient (or the patient's representative) to claim the privilege.'" Hollis v. Finger
(1990), 69 Ohio App.3d 286, 294, (quoting Robert A. Wade, Note, the Ohio Physician-Patient Privilege: Modified, Revised, and Defined [1989], 49 Ohio St.L.J. 1147, 1157). Appellant put his medical condition at issue when he filed a personal injury claim and testified about his medical history concerning the same body parts he claimed he injured in the accident that is the subject of this lawsuit. Hence, appellant himself waived the privilege thus agreeing to divulge his otherwise private medical records. Accordingly, appellant's final assignment of error is without merit.
Based on the foregoing reasons, the trial court properly ordered appellant to authorize the release of medical information for the injuries claimed and for information that is causally or historically related to the injuries claimed. Thus, the decision of the trial court is hereby affirmed.
Waite, J., concurs
DeGenaro, J., concurs