HANLY, Appellee,

v.

RIVERSIDE METHODIST HOSPITAL FOUNDATION, INC. et al., Appellants.

[Cite as *Hanly v. Riverside Methodist Hosp.
Found., Inc.* (1991), 71 Ohio App.3d 778.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–761.

Decided April 4, 1991.

*Bidwell & Beachler Co., L.P.A., Jinx S. Beachler* and *David M. Bidwell,* for appellee.

*Bricker & Eckler, Jerry E. Nathan* and *Timothy J. Owens,* for appellants.

MOORE, Judge.

Appellants, Riverside Methodist Hospital Foundation, Inc. and Janet Titus (a party-defendant solely for purposes of this appeal), appeal from an entry of the Franklin County Common Pleas Court denying their motion to quash

subpoenas *duces tecum* and for a protective order precluding plaintiff from taking depositions of Cheryl Johnson or the Records Custodian of Riverside Methodist Hospital ("Riverside"). Appellants assert the following assignment of error:

"The Trial Court erred in its determination that the medical records and social worker records of Defendant–Appellant Janet C. Titus were discoverable by Plaintiff–Appellee."

The genesis of the current case, while not directly the subject of litigation, is a sexual harassment complaint against appellee, a former co-worker of Titus, which appellant Titus brought to the attention of their employer Riverside. Riverside's subsequent investigation of the charges resulted in Hanly's termination of employment with Riverside. As a result of this termination, appellee initiated the present litigation by filing a complaint in the Franklin County Common Pleas Court charging appellant Riverside with breach of an employment contract, slander, violation of express or implied covenants of good faith and fair dealing, and emotional distress.

During the discovery process, appellee served appellant Riverside with notice that they were going to depose Cheryl Johnson, MSW, *duces tecum* and that she was to bring all medical records regarding Titus. Appellee also served notice to depose the records custodian of Riverside *duces tecum* and that she was to bring all documents including and not exclusive of medical records regarding Titus.

In response to these notices, appellants filed the motion with the common pleas court requesting the court to issue an order quashing subpoenas *duces tecum* issued by appellee and protecting Riverside and Cheryl Johnson, MSW, a nonparty, from the notices to take deposition *duces tecum* served by appellee.

Appellee did take the discovery deposition of Titus. While being deposed as on cross-examination, Titus was asked whether she was under the care of a psychiatrist or other mental health professional. This questioning was objected to on grounds of relevancy and statutory privilege. On cross-examination, Titus identified physicians and other mental health professionals who had treated her and stated why she had sought treatment. Titus did not discuss any diagnosis or any substance of communications between herself and these people. Titus refused to waive the privilege of her medical records.

The trial court denied Riverside and Titus's motion to quash subpoenas *duces tecum* and for a protective order regarding Titus's records.

The issue to be determined in this appeal is whether, notwithstanding the deposition testimony of Titus as on cross-examination, the medical records of

Titus in the control of Riverside, and the records of Titus in the custody and control of Cheryl Johnson concerning the psychological counseling which she received, are privileged communications within the meaning of R.C. 2317.02 and 5122.31.

If these documents are found to be privileged within the meaning of R.C. 2317.02 and 5122.31, then, pursuant to Civ.R. 26(B)(1), the matters are privileged and may not be accessed by appellee absent a finding that this privilege has been waived.

Civ.R. 26(B)(1) provides in pertinent part:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."

R.C. 2317.02 identifies acts and communications which are privileged. R.C. 2317.02(B)(1) states that communications by a patient to a physician made in the patient-physician relationship and advice which the physician gives to the patient in this relationship are privileged. The physician may not testify as to the privileged communications unless the patient waives the privilege. A patient waives his privilege either expressly or if he files a medical claim.

R.C. 2317.02(G) creates a privilege for communications between a social worker and a client which covers confidential communications made by the client to the social worker in that relationship and advice which the social worker gives to the client. Certain instances exist in which the privilege does not apply, including when the client gives express consent; the client voluntarily testifies; or the court, in camera, determines that the communication is not germane to the social worker-client relationship.

R.C. 5122.31 provides that all certificates, applications, records, and reports made for the purposes of the hospitalization of a mentally ill person are confidential and may not be disclosed absent certain exceptions. These exceptions include the consent of the person hospitalized and pursuant to a court order signed by a judge.

Appellee does not dispute the privileged status of the communications which he has subpoenaed. However, appellee argues that Titus's testimony at her discovery deposition resulted in waiver of the privilege.

Appellants argue that Titus's testimony on cross-examination did not constitute a waiver of her privilege because it was not voluntary. In support of their argument, they cite to *Harpman v. Devine* (1937), 133 Ohio St. 1, 9 O.O. 347, 10 N.E.2d 776, which held that answering questions as to treatment from a physician in response to questions on cross-examination does not waive the privilege of confidentiality because it is not voluntary within the meaning of the statute. *Id.* at paragraph three of the syllabus.

Appellee does not dispute the rule as set forth in *Harpman*, but argues that it is overbroad and exceeds the rationale for the rule and urges that this rule be restricted because it is too broad. Because we find that appellee's argument in support of restricting this rule is not convincing, we opt to leave the rule as it is and find that Titus did not expressly waive her privilege to have these communications remain privileged.

Alternatively, appellee argues that the privileges created in R.C. 2317.02 and 5122.31 should not apply to a nonparty patient. Once again, we opt not to adopt and follow appellee's reasoning. The express language of the statutes which create these privileges refers to the patients and the clients, no mention is made as to whether these people are parties to cases in which the privilege is sought to be invoked.

Because we find that the records which appellee has sought to discover are privileged communications, and because we find that this privilege has not been waived, we sustain appellants' assignment of error.

At this point, we should note that appellee has argued in the alternative that should we find the privilege has not been waived, the trial court should conduct an in camera review of these records pursuant to R.C. 2317.02(G)(e). Whether the trial court elects to do this on remand is up to the trial court, not to this court.

The trial court's denial of appellants' motion to quash subpoenas *duces tecum* and for a protective order relative to the notice to take depositions *duces tecum* is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.

ROBERT J. MOORE, J., retired, of the Licking County Common Pleas Court, sitting by assignment.