The present appeal arises from the decision of the Jefferson County Court of Common Pleas, Domestic Relations Division, finding that Satish Tandon had waived the attorney-client privilege thereby compelling his attorney to provide testimony. For the reasons set forth below, the decision of the trial court is reversed and this cause is remanded for further proceedings.
 I. FACTS
The present matter stems from a prior divorce action involving Satish Tandon ("appellant") and Melinda Tandon ("appellee"). Subsequent to the divorce in December of 1994, a myriad of legal proceedings have arisen involving the various rights and obligations of the parties. Particularly relevant to the present appeal is a motion filed by appellant to modify the conditions surrounding the visitation of his minor child. Following a number of delays, this issue eventually was called for a hearing before the trial court.
During the course of the hearing, appellant took the stand in order to offer testimony in support of his motion to modify visitation. Appellant was subsequently subjected to cross-examination by counsel for appellee at which time he was questioned regarding various answers to interrogatories as well as his decision to file a lawsuit against a psychologist who was to perform a court ordered psychological evaluation. In answering these lines of questions, appellant indicated that his attorney played a role both in answering the interrogatories and in filing the lawsuit. At the conclusion of appellant's testimony, counsel for appellee then requested that appellant's counsel be called to the stand in order to either refute or corroborate the statements made by appellant. Although appellant objected to such testimony claiming a violation of the attorney-client privilege, the trial court overruled said objection. In the trial court's opinion, appellant waived the privilege by testifying regarding his attorney's involvement.
Upon appellant's request, the trial court issued a stay regarding the proceedings pending an interlocutory appeal as to whether appellant had in fact waived the attorney-client privilege. The instant appeal followed in which appellant raises a single assignment of error.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads as follows:
 "THE ATTORNEY-CLIENT PRIVILEGE WAS NOT WAIVED BY THE CLIENT, MAKING A REFERENCE TO A CONVERSATION WITH HIS ATTORNEY ON CROSS-EXAMINATION AS SAID COMMUNICATION WAS NOT `VOLUNTARY' UNDER 2317.02."
A review of the record reveals that there were three primary topics discussed in appellant's cross-examination which are at issue as related to the waiver of the attorney-client privilege. The first topic relates to appellant's answer to an interrogatory pertaining to "personal" counseling. Pursuant to questioning during cross-examination, it was discovered that appellant had not provided a complete answer in regards to what psychological counseling he had received in the past. While appellant did indicate he received a limited amount of counseling as a result of not being able to see his child, he failed to divulge information regarding additional periods of counseling. When questioned on cross-examination as to why this information was not provided in response to the interrogatory, appellant responded that his counsel had apparently misinterpreted the answers which he had provided for the purpose of completing the interrogatory.
A second topic which was pursued on cross-examination related to appellant's answer to an interrogatory inquiring as to past criminal conduct. Pursuant to an interrogatory inquiring as to any prior criminal convictions, appellant indicated that he had no prior criminal history. Furthermore, when asked through discovery as to traffic citations, appellant provided a Bureau of Motor Vehicle's ("B.M.V.") print-out which did not reference his prior driving under the influence of alcohol ("D.U.I.") conviction. When questioned on cross-examination regarding the D.U.I. conviction, appellant stated that it had not been itemized under the criminal conduct interrogatory as it was believed to be a traffic matter rather than a criminal offense. Appellant continued by stating that he made his attorney aware that the D.U.I. offense had not appeared on the B.M.V. print-out due to the fact that it had occurred several years ago. Ultimately, appellant testified that his attorney was aware of the offense however, it was never included in the interrogatory answers.
Finally, appellant was questioned on cross-examination regarding why he had refused to attend a court ordered psychological examination and why he subsequently filed a lawsuit against the doctor who was to perform the examination. In response to these questions, appellant stated that he was following his attorney's advice in regards to these matters. In light of these responses during cross-examination, the trial court found that appellant had waived the attorney-client privilege. Therefore, the court reasoned that appellee could call appellant's counsel to the stand for questioning regarding these matters.
 A. APPLICABLE LAW
The attorney-client privilege is codified in R.C. 2317.02 which provides in pertinent part as follows:
 "The following persons shall not testify in certain respects:
 (A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, * * * if the client voluntarily testifies * * *, the attorney may be compelled to testify on the same subject."
The two exceptions to the attorney-client privilege which are contained in R.C. 2317.01(A), those being express waiver and the client voluntarily testifying about the privileged matter, have been held to be the only two methods by which the privilege may be waived. State v. McDermott (1995), 72 Ohio St.3d 570, 572.
In addressing the voluntariness of a client's testimony, various appellate courts have looked to the Ohio Supreme Court's decision in Harpman v. Devine (1937), 133 Ohio St. 1 for guidance. In Harpman, the court was faced with a situation where a patient answered questions on cross-examination regarding treatment he had obtained from a past physician. Having concluded questioning of the patient, opposing counsel then attempted to call the physician to the witness stand to inquire as to the nature of treatment which was provided. In holding that the patient's testimony during cross-examination did not act as a waiver of the physician-patient privilege, the court held that testimony during cross-examination could not be viewed as voluntary in nature. Id. at 6. An individual did not choose the nature of the questions being asked and would face a finding of contempt if he did not answer the questions which were posed. Id.
While Harpman addressed the physician-patient privilege as it existed under Section 11494 of the General Code, said statute was merely the predecessor to R.C. 2317.02. Furthermore, both statutes are substantially similar in their structure and purpose as they address the attorney-client privilege. Therefore, a number of courts have held that the principles espoused inHarpman continue to be applicable in regards to both the physician-patient and the attorney-client privilege as these privileges currently exist under R.C. 2317.02. See Hanley v.Riverside Methodist Hosp. Found., Inc. (1991), 71 Ohio App.3d 778,781; Kromenacker v. Blystone (1987), 43 Ohio App.3d 126,128; Woyczynski v. Wolf (1983), 11 Ohio App.3d 226, 229; Foley v.Poschke (1940), 66 Ohio App. 227, 230-232; In the Matter of theGrand Jury Investigation of William Klure (Nov. 1, 1984), Auglaize App. No. 2-83-29, unreported.
 B. ANALYSIS
In the case at bar, appellant takes issue with the trial court's conclusion that he had waived the attorney-client privilege. It is uncontested that appellant never expressly waived the privilege which existed with his attorney. As such, the first exception as it exists under R.C. 2317.02(A) cannot be utilized in order to support the trial court's decision to permit the questioning of appellant's counsel. Therefore, this court's analysis must focus on whether or not appellant voluntarily testified regarding privileged matters thereby waiving any protection provided by R.C. 2317.02(A).
Under the present circumstances, this court cannot hold that a waiver of the attorney-client privilege occurred as a result of appellant's testimony during cross-examination. We arrive at this conclusion primarily due to the fact that appellant's testimony should not be viewed as "voluntary" as required by statute. The portions of testimony which are at issue all occurred while appellant was being cross-examined by opposing counsel. As numerous courts throughout Ohio have previously held, cross-examination testimony is not voluntary as the client and his counsel do not have control of the questions or the information which is to be elicited. Harpman, Woyczinski andFoley, supra. Had appellant's responses occurred during direct examination, this court would have been more inclined to have held that appellant waived the attorney-client privilege.
In conjunction with the lack of voluntariness, this court is further compelled to reverse the decision of the trial court finding a waiver of privilege in that the testimony which was to be elicited by calling appellant's counsel was of little or no consequence to the proceedings. While appellee desired to question appellant's counsel in order to refute or corroborate appellant's prior testimony, such questioning was not pivotal as to the modification of visitation. Appellee clearly had acquired the information regarding appellant's personal counseling as well as his D.U.I. conviction which could subsequently be presented to the trial judge for his consideration. Armed with this information, appellee could present a proper defense to any change in the terms of visitation. As to the inquiry regarding appellant's suit against the psychologist who was to perform the court ordered psychological examination, any information which may have been elicited would have no bearing on whether or not to modify visitation. This court sees no connection between the filing of a lawsuit and whether appellant is fit for unsupervised visitation. Although appellee insists that questioning appellant's counsel was necessary on credibility grounds, the same goal could be accomplished by merely presenting a thorough cross-examination of appellant regarding the discrepancy between his interrogatory answers and the true state of affairs. From this process, the trial court would be provided ample opportunity to determine appellant's credibility.
While this court has decided to uphold the attorney-client privilege based upon the facts present in the case at bar, our decision should not be read so as to create a blanket rule that a client may make any statement regarding counsel during cross-examination without the fear of waiving the privilege. If this court is presented with the proper circumstances, we will not hesitate to find a waiver of the attorney-client privilege despite the fact that the statements made by a client were on cross-examination. We can certainly conceive situations where a client makes false statements regarding material matters during the course of direct examination and then attempts to place blame on his counsel during cross-examination when the truth of the matter is discovered. Under these and similar types of circumstances, a waiver of the attorney-client privilege may be held to have occurred.
Based upon the foregoing reasoning, the decision of the trial court finding a waiver of the attorney-client privilege is reversed. Additionally, the trial court is ordered to strike any testimony which was presented by appellant's counsel subsequent to the objection on attorney-client privilege grounds. This cause is remanded to the trial court for an immediate consideration of appellant's original motion to modify visitation as this matter has been pending for an inordinate amount of time.
It should further be noted that appellant's motion for relief pending appeal is overruled. The present appeal was limited solely to the issue of whether the trial court erred when it held that appellant had waived the attorney-client privilege. Issues of whether a modification of appellant's visitation is warranted are left for the trial court's determination. Similarly, appellee's motion for attorney fees is overruled.
COX, P.J. concurs, and DONOFRIO, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE