This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Frank A. Lettieri ("Lettieri") has appealed from an order of the Summit County Court of Common Pleas that denied his motion to quash a subpoena and granted Plaintiff-Appellee Amer Cunningham Co., L.P.A.'s ("Amer") motion to compel discovery. This Court affirms.
 I
This appeal arises from a suit filed by Amer against Cardiothoracic 
Vascular Surgery of Akron ("CVS"). CVS had retained Amer to provide legal representation. On June 8, 2001, Amer filed suit against CVS to recover $87,297.98 in alleged legal fees. Lettieri, who represented CVS on behalf of Amer, was subsequently terminated by CVS. Jeffrey W. Largent ("Largent") answered the complaint for CVS.
During discovery, Amer issued a subpoena for Lettieri's testimony concerning the billing of CVS. Lettieri filed a motion to quash the subpoena claiming attorney-client privilege and/or the attorney work product doctrine.[1] Amer responded to the motion and filed a motion to compel the discovery. The trial court denied Lettieri's motion to quash and granted Amer's motion to compel. The trial court found that the testimony of CVS's president, Dr. Kamienski, at a deposition, and his disclosure to a third party, CVS accountant Frank Bevilacqua, constituted a waiver of his attorney-client privilege as it relates to the bill in question. Lettieri has appealed the trial court's decision, asserting three assignments of error.
 II
As a preliminary matter, this Court must first address whether the trial court's order is a final appealable order. As previously discussed, the order from which Lettieri has appealed compels the discovery of conversations and information that Lettieri wishes to protect under attorney-client privilege and/or work product. As a general rule, orders regarding discovery are interlocutory and not immediately appealable. See Walters v. The Enrichment Ctr. of Wishing Well, Inc.,78 Ohio St.3d 118, 120-121, 1997-Ohio-232; State ex. Rel Steckman v.Jackson (1994), 70 Ohio St.3d 420, 438 (holding discovery orders of a trial court are not subject to immediate appellate review). Nevertheless, recent changes in the Ohio Revised Code have created several exceptions.
Appellate courts have jurisdiction to "review and affirm, modify, or reverse judgments or final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 are satisfied. R.C.2505.02(B) provides:
 "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).
A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). Appellant has averred that the trial court erred in ordering him to testify concerning the billing of CVS because the conversations and information are protected by the attorney-client privilege and/or work product. The clear language of R.C. 2505.02(A)(3) shows that the order from which Appellant has appealed "grants or denies a provisional remedy." Further, this Court finds that R.C. 2505.02(B)(4)(a) and (b) apply to the order compelling Lettieri to testify. Therefore, the trial court's order is final and appealable.
This Court must next determine if Lettieri has standing to bring this appeal. Lettieri is appealing the denial of his motion to quash on the theory that the testimony sought is protected by attorney-client privilege.[2] Pursuant to R.C. 2317.02(A), an attorney is forbidden, except under limited circumstances, from testifying "concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client." "In order to have standing to appeal, an appellant must show that he is an aggrieved party, in that the lower court's decision has adversely affected his rights." In Re: Estate ofShepherd (May 5, 1999), 9th Dist. No. 19239, at 2, appeal not allowed (1999), 86 Ohio St.3d 1492, citing Tschantz v. Ferguson (1989),49 Ohio App.3d 9, 13; see, also, Midwest Fireworks Mfg. Co. v. DeerfieldTwp. Bd. of Zoning Appeals, 91 Ohio St.3d 174, 2001-Ohio-24. This Court finds that, based on his duty to protect attorney-client privileged information, Lettieri is an aggrieved party because the trial court has ordered him to testify concerning matters he asserts are privileged. Therefore, he has the right to appeal the trial court's order.
This Court recognizes that Lettieri's former client, CVS, owns the privilege. See Allen County Bar Assoc. v. Williams, 95 Ohio St.3d 160,2002-Ohio-2006, ¶ 9, citing Frank W. Schaefer, Inc. v. C. GarfieldMitchell Agency, Inc. (1992), 82 Ohio App.3d 322, 329. But it does not follow that only CVS can protect the privilege. R.C. 2317.02 forbids an attorney from divulging privileged information. When an attorney asserts attorney-client privilege he is fulfilling his duty under R.C. 2317.02
and protecting his client's rights and the attorney-client privilege, which only the client can waive. See Williams, supra. Based on the foregoing, this Court finds that Lettieri has standing to appeal the trial court's denial of his motion to quash the subpoena.
 Assignment of Error Number One "THE TRIAL COURT INCORRECTLY DETERMINED THAT DR. KAMIENSKI WAIVED THE ATTORNEY-CLIENT PRIVILEGE BY HIS DEPOSITION TESTIMONY."
Lettieri has argued that Dr. Kamienski's deposition testimony was not voluntary and, therefore, does not constitute a waiver of his attorney-client privilege. He has also asserted that CVS has refused to waive its privilege.
A trial court enjoys broad discretion in the regulation of discovery proceedings. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668; see, also, State ex rel. The V Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 469. Therefore, absent an abuse of discretion, an appellate court will not overturn the trial court's ruling on such matters. Marshall, 81 Ohio St.3d at 469. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary, not a mere error of judgment. State v.Adams (1980), 62 Ohio St.2d 151, 157.
This Court finds that the trial court did not abuse its discretion in determining that Dr. Kamienski waived his attorney-client privilege by answering questions relating to his conversations with Lettieri about the bill in question. Pursuant to R.C. 2317.02, an "attorney may testify by express consent of the client or, * * * if the client voluntarilytestifies[.]" (Emphasis added.) This Court declines to adopt the view that deposition testimony solicited by an opponent is not voluntary and, therefore, the attorney-client privilege cannot be waived through such testimony. Cf. Carver v. of Deerfield Twp. (2000), 139 Ohio App.3d 64,77; Hanly v. Riverside Methodist Hosp. Found., Inc. (1991),71 Ohio App.3d 778, 781-782; Kromenacker v. Blystone (1987),43 Ohio App.3d 126, 128. Rather, this Court finds that to determine if deposition testimony constitutes a waiver under R.C. 2317.02(A), a court must consider the facts of the case before it, specifically the questions and answers from the deposition, and then decide if the testimony concerning the relevant information was voluntary.
In the case sub judice, neither the trial court nor this Court was provided with a full transcript of Dr. Kamienski's deposition. Accordingly, Dr. Kamienski's testimony must be reviewed according to what was before the trial court. The record is void of any objections or refusals to answer questions about Dr. Kamienski's relationship with Lettieri and conversations relating to the bill in question. In fact, the partial transcript shows that Dr. Kamienski answered all the posed questions, discussed the requested topics, and clarified his answers when necessary. The deposition transcript in the record is void of any claim of attorney-client privilege in relation to the bill. Further, the record contains no motion to quash Dr. Kamienski's subpoena or a motion to file a protective order. Based on the foregoing, this Court finds that the record supports the trial court's finding that Dr. Kamienski voluntarily, i.e. intentionally, discussed the conversations he had with Lettieri about the bill in question and, therefore, waived his attorney-client privilege as it relates to that topic. Accordingly, Lettieri's first assignment of error is overruled.
 Assignment of Error Number Two "THE TRIAL COURT INCORRECTLY DETERMINED THAT DR. KAMIENSKI WAIVED THE ATTORNEY-CLIENT PRIVILEGE BY HIS CONVERSATION WITH HIS ACCOUNTANT."
Lettieri's second assignment of error is rendered moot by our resolution of his first assignment of error. App.R. 12(A)(1)(c).
 Assignment of Error Number Three "THE TRIAL COURT HAS NOT DETERMINED THAT THE CORPORATE ENTITY, CARDIOTHORACIC AND VASCULAR SURGERY OF AKRON, INC., WAIVED THE ATTORNEY-CLIENT PRIVILEGE."
In his final assignment of error, Lettieri has argued that the trial court erred in labeling Dr. Kamienski the president of CVS because the record does not support such a finding. Lettieri has also asserted that the trial court erred in determining that Dr. Kamienski had the power to waive the attorney-client privilege of CVS.
A review of the record shows that Lettieri failed to raise this argument in both his motion to quash the subpoena and objections to the subpoena and his brief in opposition to Amer's motion to compel. In fact, the record contains no evidence that Lettieri ever challenged Amer's repeated characterization of Dr. Kamienski as the president of CVS. An appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Therefore, Lettieri has waived the argument on appeal. State v. Awan (1986), 22 Ohio St.3d 120,122. Accordingly, Lettieri's third assignment of error is not well taken.
 III
Lettieri's first and third assignments of error are overruled and his second assignment of error is moot. The judgment of the trial court is affirmed.
BAIRD, P.J. CONCURS.
[1] Lettieri is no longer working at Amer.
[2] While Lettieri cites to both attorney-client privilege and work product in his motion to quash, his arguments only involve attorney-client privilege. Therefore, pursuant to App.R. 16(A)(7), this Court will only address the attorney-client privilege aspect of his argument.