THE STATE EX REL. MULHOLLAND, APPELLANT,
*v.* SCHWEIKERT, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Mulholland v. Schweikert,*
99 Ohio St.3d 291, 2003-Ohio-3650.]

(No. 2002–2061—Submitted May 13, 2003—Decided July 23, 2003.)

## Per Curiam.

{¶ 1} Appellant, Daniel B. Mulholland, is an attorney who was a member of the law partnership Mulholland, Heekin & Heekin with appellees attorneys Christopher R. Heekin and Thomas Heekin Jr. In August 2001, the Hamilton County Court of Common Pleas, Probate Division, committed Mulholland to a hospital upon an affidavit asserting that he was a danger to himself and others and had engaged in irrational and violent behavior. According to Mulholland, the affidavit was false and was procured through the machinations of Thomas Heekin Jr. Shortly thereafter, the probate court released Mulholland from his involuntary hospitalization.

{¶ 2} In October 2001, the Heekins filed a complaint in the General Division of the Hamilton County Court of Common Pleas alleging that Mulholland was incapable of practicing law in a competent manner and that he had removed certain client files from the partnership's office. The Heekins requested injunctive relief to prevent Mulholland from entering the office or contacting partnership clients, damages for Mulholland's alleged breach of his fiduciary duties, and a dissolution of the partnership. Mulholland subsequently filed an answer and counterclaims alleging abuse of process, civil conversion, intentional and negligent infliction of emotional distress, breach of fiduciary duty, malicious prosecution, tortious interference with contract, invasion of privacy, defamation, unjust enrichment, and conspiracy.

{¶ 3} In August 2002, appellee Common Pleas Judge Mark R. Schweikert ordered Mulholland "to execute releases of his medical and psychiatric records and produce records pertaining to [his] involuntary hospitalization proceedings."

{¶ 4} After Mulholland refused to comply with the discovery order, the Heekins moved for sanctions, and Mulholland moved for reconsideration and for a protective order concerning the probate court records. In September 2002, Judge Schweikert granted the Heekins' motion for sanctions and denied Mulholland's motions for reconsideration and for a protective order. Judge Schweikert ordered Mulholland to produce all documents in his possession concerning "any and all of his mental health, psychiatric and psychological evaluations, assessments, diagnoses, prognoses, hospitalizations, treatment, and care" and "his involuntary hospitalization for mental illness." Judge Schweikert further ordered Mulholland to "execute written consents to release of medical, psychiatric and psychological records in any form by those professionals and institutions designated by Plaintiffs."

{¶ 5} In September 2002, Mulholland filed a complaint in the Court of Appeals for Hamilton County for a writ of prohibition to prevent Judge Schweikert from forcing him to produce copies of his civil-commitment file and to sign releases for medical records arising from his civil commitment. Mulholland also named the Heekins as respondents. Mulholland claimed that under R.C. 5122.141(C), the probate court had expunged all of his civil commitment records and that Judge Schweikert lacked jurisdiction to modify the expungement order.

{¶ 6} Judge Schweikert answered the complaint and moved for summary judgment. The Heekins moved to dismiss the complaint. The court of appeals subsequently granted Judge Schweikert's motion, denied the writ, and dismissed the Heekins as respondents.

{¶ 7} This case is now before the court upon Mulholland's appeal as of right.[1]

## Prohibition

{¶ 8} Mulholland asserts that the court of appeals erred in denying the writ of prohibition. Mulholland claims that Judge Schweikert lacked jurisdiction to issue discovery orders forcing him to provide access to records pertaining to his involuntary hospitalization, based on R.C. 5122.31 and 5122.01(R).

{¶ 9} "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction is not entitled to a writ of prohibition because of the availability of an adequate remedy at law by appeal." *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 7.

{¶ 10} Judge Schweikert did not *patently and unambiguously* lack jurisdiction to issue the challenged orders here. Although R.C. 5122.31 prohibits the disclosure of all records made for the purposes of R.C. Chapter 5122[2] that directly identify a patient when hospitalization was sought under the chapter, this prohibition is subject to several exceptions. One exception is disclosure "[p]ursuant to a court order signed by a judge." R.C. 5122.31(D). Admittedly, R.C. 5122.01(Q) defines "court" as used in R.C. Chapter 5122 to mean the probate court.

{¶ 11} Nevertheless, R.C. 5122.31(D) refers to "*a* court order signed by *a* judge," rather than "*the* court order." (Emphasis added.) "The word 'a' is an indefinite article that denotes a thing not previously noted or recognized, in contrast with 'the,' which denotes a thing previously noted or recognized." *In re Collier* (1993), 85 Ohio App.3d 232, 237, 619 N.E.2d 503; R.C. 1.42. Therefore,

---

1. We deny Mulholland's request for oral argument.

2. R.C. Chapter 5122 involves the hospitalization of mentally ill persons.

R.C. 5122.31(D) could refer to nonprobate court orders as well as probate court orders. In fact, in *State v. Hall* (2001), 141 Ohio App.3d 561, 569–570, 752 N.E.2d 318, the court relied on this exception to uphold an order of a common pleas court.

{¶ 12} Nor did R.C. 5122.141(C) and 5122.01(R) patently and unambiguously divest Judge Schweikert of jurisdiction. R.C. 5122.141(C) requires a probate court that finds that a respondent is not a mentally ill person subject to hospitalization by court order to order the respondent's immediate discharge and expunge all record of the commitment proceedings. R.C. 5122.01(R) defines "expunge" to mean, among other things, "[t]he removal and destruction of *court* files and records, originals and copies, and the deletion of all index references." (Emphasis added.) As appellees note, the records ordered disclosed by Judge Schweikert were not probate court records.

{¶ 13} Therefore, in the absence of a patent and unambiguous lack of jurisdiction, Mulholland had an adequate remedy by immediate appeal from Judge Schweikert's orders. See, e.g., *State ex rel. Butler Cty. Children Services Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25, 764 N.E.2d 1027; *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 20 (trial court's decision that plaintiff is not entitled to a protective order for allegedly statutorily privileged records is a final appealable order). By so holding, we do not expressly decide the underlying substantive issues raised by Mulholland, because our review is limited to determining whether Judge Schweikert *patently and unambiguously* lacked jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 32.

{¶ 14} Moreover, as we have repeatedly held, " 'trial courts have the requisite jurisdiction to decide issues of privilege; thus, extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues.' " *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765, quoting *State ex rel. Herdman v. Watson* (1998), 83 Ohio St.3d 537, 538, 700 N.E.2d 1270. Courts have referred to R.C. 5122.31 records as privileged materials. See, e.g., *Hanly v. Riverside Methodist Hosp. Found., Inc.* (1991), 71 Ohio App.3d 778, 782, 595 N.E.2d 429.

{¶ 15} Accordingly, the court of appeals did not err in denying the writ. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., not participating.

Croskery & Associates Co., L.P.A., and Robert F. Croskery, for appellant.

Michael K. Allen, Hamilton County Prosecuting Attorney, David T. Stevenson and Joseph M. Huston, Assistant Prosecuting Attorneys, for appellee Judge Schweikert.

Taft, Stettinius & Hollsiter, L.L.P., and Raymond W. Lembke, for appellees Christopher R. Heekin and Thomas D. Heekin Jr.