ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, City of Westlake ("Westlake"), is a party toShimola v. Westlake, Cuyahoga County Court of Common Pleas Case No. CV-548603, which has been assigned to respondent, Judge Peter J. Corrigan. In Case No. CV-548603, the plaintiff — Charles D. Shimola — petitioned respondent "to have a jury determine whether an arbitration agreement has been made and whether the defendant [relator] has defaulted via its failure to conform its conduct to the provisions thereof." Complaint for Provisional Relief under Ohio Revised Code § 2711.03, ¶ 47.
 {¶ 2} Westlake requests that this court issue an alternative writ of prohibition as well as a writ of prohibition to prevent respondent from trying and for an order requiring respondent to dismiss Case No. CV-548603. For the reasons stated below, we deny relator's request for relief in prohibition.
 {¶ 3} The criteria for the issuance of a writ of prohibition are well-established.
"In order to be entitled to a writ of prohibition, [relator]had to establish that (1) the [respondent] is about to exercisejudicial or quasi-judicial power, (2) the exercise of such poweris unauthorized by law, and (3) denial of the writ will causeinjury to [relator] for which no other adequate remedy in theordinary course of law exists. State ex rel. White v. Junkin(1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268."
 State ex rel. Wright v. Ohio Bur. of Motor Vehicles,87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 4} In Wright, supra, the Supreme Court affirmed this court's judgment in State ex rel. Wright v. Registrar, Bur. ofMotor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044.
"A two-part test must be employed by this Court in order todetermine whether a writ of prohibition should be issued. Stateex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992),63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton HumanRelations Council (1992), 81 Ohio App.3d 436. Initially, wemust determine whether the respondent patently and unambiguouslylacks jurisdiction to proceed. The second step involves thedetermination of whether the relator possesses an adequate remedyat law. State ex rel. Natalina Food Co. v. Ohio Civ. RightsComm. (1990), 55 Ohio St.3d 98."
Case No. 76044 at 3, 5.
 {¶ 5} Obviously, respondent judge exercises judicial power.
"Prohibition will not lie unless it clearly appears that thecourt has no jurisdiction over the cause that it is attempting toadjudicate or the court is about to exceed its jurisdiction.State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus. "The writ will notissue to prevent an erroneous judgment, or to serve the purposeof appeal, or to correct mistakes of the lower court in decidingquestions within its jurisdiction." State ex rel. Sparto v.Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65,90 N.E.2d 598. Furthermore, it should be used with great caution andnot issue in a doubtful case. State ex rel. Merion v.Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956),76 Ohio L. Abs. 141, 145 N.E.2d 447."
 State ex rel. Left Fork Mining Co. v. Fuerst (Dec. 21, 1999), Cuyahoga App. No. 77405, at 6.
 {¶ 6} Westlake articulates the issue in this action as: "whether a trial court patently and unambiguously lacks jurisdiction to entertain a complaint under O.R.C. § 2711.03, challenging the very existence of an arbitration agreement, following an arbitration award that is the subject of a motion to confirm [the arbitration award]." Relator's Brief in Opposition to Respondent's Motion to Dismiss, at 2-3. Westlake bases its argument that respondent is patently and unambiguously without jurisdiction to hear Shimola's challenge to the arbitration agreement in Case No. CV-548603 on the language of R.C. 2711.03
which provides, in part:
"(A) The party aggrieved by the alleged failure of another toperform under a written agreement for arbitration may petitionany court of common pleas having jurisdiction of the party sofailing to perform for an order directing that the arbitrationproceed in the manner provided for in the written agreement.Five days' notice in writing of that petition shall be servedupon the party in default. Service of the notice shall be made inthe manner provided for the service of a summons. The court shallhear the parties, and, upon being satisfied that the making ofthe agreement for arbitration or the failure to comply with theagreement is not in issue, the court shall make an orderdirecting the parties to proceed to arbitration in accordancewith the agreement."
 "(B) If the making of the arbitration agreement or the failureto perform it is in issue in a petition filed under division (A)of this section, the court shall proceed summarily to the trialof that issue. If no jury trial is demanded as provided in thisdivision, the court shall hear and determine that issue. Exceptas provided in division (C) of this section [regarding acommercial construction contract], if the issue of the making ofthe arbitration agreement or the failure to perform it is raised,either party, on or before the return day of the notice of thepetition, may demand a jury trial of that issue. Upon the party'sdemand for a jury trial, the court shall make an order referringthe issue to a jury called and impaneled in the manner providedin civil actions. If the jury finds that no agreement in writingfor arbitration was made or that there is no default inproceeding under the agreement, the proceeding shall bedismissed. If the jury finds that an agreement for arbitrationwas made in writing and that there is a default in proceedingunder the agreement, the court shall make an order summarilydirecting the parties to proceed with the arbitration inaccordance with that agreement."
(Emphasis added.) Westlake contends, therefore, that the court of common pleas has the jurisdiction to entertain actions under R.C. 2711.03 only prior to arbitration. If, as is present in Case No. 548603, the arbitration is completed, Westlake argues that the court of common pleas is patently and unambiguously without jurisdiction to hear an action under R.C. 2711.03.
 {¶ 7} In Lockhart v. Am. Res. Ins. Co. (1981),2 Ohio App.3d 99, 440 N.E.2d 1210 [Cuyahoga App.], an arbitration panel had signed but not physically delivered its decision to award $6,000 to the plaintiff. At the request of the plaintiff's attorney, the panel reconvened and a majority of the panel agreed to an award of $12,500 to plaintiff and $2,000 to his wife. After the second award, the court of common pleas granted summary judgment for plaintiff in the amount of $12,500 but against plaintiff for $2,000. On appeal, this court held that constructive delivery of the original decision of the arbitration panel was invalid and reversed the judgment with instructions to the trial court to direct the parties "to begin the arbitration process anew * * *." Id. at 103.
 {¶ 8} As part of its analysis, the Lockhart court observed:
"Once an arbitration is completed it is apparent that a courtwhich has stayed or ordered enforcement of the agreement toarbitrate has no jurisdiction except to confirm, vacate, modify,or enforce the award and only on the terms provided by statute,i.e., R.C. 2711.09 and R.C. 2711.12 (confirm and enterjudgment); R.C. 2711.11 (modify); R.C. 2711.10 and 2711.13(vacate); or R.C. 2711.14 (enforce the award)."
 "These special statutory sections provide the only proceduresfor post award attack or support of an arbitration decision.However, an appeal may be taken "from an order confirming,modifying, correcting, or vacating an award made in anarbitration proceeding or from judgment entered upon an award."But the review is confined to the order. The original arbitrationproceedings are not reviewable."
Id. at 101 (footnotes deleted). See also the following cases citing Lockhart: Warren Edn. Assn. v. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170, 173-174, 480 N.E.2d 456; Colegrove v.Handler (1986), 34 Ohio App.3d 142, 146, 517 N.E.2d 979.
 {¶ 9} Because the arbitration proceeding between Shimola and Westlake has been completed, Westlake argues that respondent judge only has the authority to hear proceedings under R.C.2711.09 — 2711.14. That is, Westlake contends that the language in R.C. 2711.03 restricts its application to pre-arbitration proceedings and that the court of common pleas lacks the authority to hear a post-arbitration claim brought under R.C.2711.03. As a consequence, Westlake urges this court to conclude that respondent judge patently and unambiguously lacks the jurisdiction to hear Shimola's action under R.C. 2711.03.
 {¶ 10} Respondent observes, however, that Lockhart was anappeal. That is, the issue of the scope of the jurisdiction of the court of common pleas arose in the context of an appellate proceeding rather than an original action. Additionally, respondent notes that R.C. 2711.16 provides, in part: "Jurisdiction of judicial proceedings provided for by sections2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas * * *." Respondent argues, therefore, that the court of common pleas clearly has the authority to entertain proceedings under R.C. 2711.03.
 {¶ 11} Respondent also argues that the court of common pleas has "basic statutory jurisdiction" to hear Shimola's action under R.C. 2711.03. In State ex rel Shimko v. McMonagle,92 Ohio St.3d 426, 2001-Ohio-301, 751 N.E.2d 472, the parties had commenced proceedings related to an attorneys' fees dispute arbitration in the court of common pleas for Franklin County and the court of common pleas for Cuyahoga County. Relator inShimko requested that this court grant relief in mandamus and prohibition requiring a judge of the court of common pleas for Cuyahoga County "to cease enforcing or issuing any orders in the case and to transfer the case to the Franklin County Common Pleas Court." Id. at 428. In State ex rel. Shimko v. McMonagle (Nov. 9, 2000), Cuyahoga App. No. 78308, this court dismissed the relator's claims. The Supreme Court affirmed that judgment and held:
In sum, Judge McMonagle has basic statutory jurisdiction over[the other attorney's] R.C. 2711.09 Cuyahoga County action for anorder confirming the arbitration award. See R.C. 2711.16. Neitherthe jurisdictional priority rule nor R.C. 2711.09 patently andunambiguously divested Judge McMonagle of that jurisdiction.Therefore, Shimko has an adequate remedy by appeal to raise hisclaims, and the court of appeals properly dismissed Shimko'sclaims for extraordinary relief in mandamus and prohibition. Inso holding, we need not expressly rule on Shimko's jurisdictionalclaims, "`since our review is limited to whether * * *jurisdiction is patently and unambiguously lacking.'(Emphasis sic.)" [State ex rel. Sellers v. Gerken (1995),72 Ohio St. 3d 115, 118, 647 N.E.2d 807, 810] quoting Goldsteinv. Christiansen (1994), 70 Ohio St. 3d 232, 238,638 N.E.2d 541, 545.
 State ex rel Shimko v. McMonagle, 92 Ohio St.3d at 430-431. Respondent argues, therefore, that he has the basic statutory jurisdiction to consider Shimola's R.C. 2711.03 claim challenging the arbitration agreement and Westlake's performance under the agreement. As noted above, Westlake contends that R.C. Chapter 2711 expressly authorizes post-arbitration proceedings under R.C.2711.09 but limits R.C. 2711.03 proceedings to before arbitration.
 {¶ 12} Of course, neither Lockhart nor Shimko directly addresses the issue in this action: whether the court of common pleas has jurisdiction to hear Shimola's action to have a jury to determine whether Shimola and Westlake made an arbitration agreement and whether Westlake failed to comply with the agreement. Although we recognize Westlake's arguments that the language of R.C. 2711.03 refers to future arbitration proceedings, neither party has provided this court with controlling authority expressly determining the dispositive issue in this action.
 {¶ 13} Westlake mistakenly suggests that respondent has failed to establish that he does have post-arbitration jurisdiction to conduct R.C. 2711.03 proceedings. Rather, for the purposes of this action in prohibition, the burden is on Westlake to demonstrate that respondent is patently and unambiguouslywithout jurisdiction. Not only has Westlake failed to demonstrate that respondent is patently and unambiguously without jurisdiction, we cannot conclude that respondent's going forward with Shimola's R.C. 2711.03 action would be acting without jurisdiction based on the authorities cited by the parties. In this action, the propriety of prohibition is, at best, doubtful. Westlake has not, therefore, satisfied the second requirement for relief in prohibition.
 {¶ 14} Similarly, Westlake has failed to demonstrate that it lacks an adequate remedy in the ordinary course of the law. Respondent contends that, if Westlake is dissatisfied with the outcome of the proceedings under R.C. 2711.03, Westlake may prosecute an appeal. "The proposition that where a right of appeal exists there is an adequate remedy at law is too well established to require citation of authorities." Kendrick v.Masheter (1964), 176 Ohio St. 232, 233, 199 N.E.2d 13. Although Westlake contests that adequacy of appeal, Westlake does not deny that it would have a remedy by way of appeal if respondent issued a ruling unfavorable to Westlake. "Additional delay, inconvenience and expense does not render appeal an inadequate remedy. State ex rel. Casey Outdoor Advertising, Inc. v. OhioDepartment of Transportation (1991), 61 Ohio St. 3d 429,575 N.E.2d 181." State ex rel. Csank v. Jaffe (1995),107 Ohio App.3d 387, 391-392, 668 N.E.2d 996. Westlake has, therefore, failed to demonstrate that it lacks an adequate remedy in the ordinary course of the law.
 {¶ 15} Westlake also requests that this court order respondent to dismiss Case No. CV-548603. Relator has not, however, provided this court with any controlling authority for granting its request to issue an order requiring respondent to dismiss Case No. CV-548603. Indeed, the nature of this request is that of mandamus rather than prohibition. "Mandamus may not be used to compel a judge to enter a specific judgment. State exrel. White v. Suster, Cuyahoga App. No. 79986, 2001-Ohio-4158, at 3-4." State ex rel. Rashada v. Pianka, Cuyahoga App. No. 87450, 2006-Ohio-2584, at ¶ 7. As a consequence, we hold that relators' complaint fails to state a claim in prohibition.
 {¶ 16} We emphasize that we make no determination of the merits of the issue in the underlying case. Rather, we must conclude that the lack of controlling authority requires that this court decline to issue relief in prohibition.
 {¶ 17} Accordingly, respondent's motion to dismiss is granted and relator's motion for summary judgment is denied. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Frank D. Celebrezze, Jr., J., concurs Michael J. Corrigan, J.,concurs.