[Cite as *Liebe v. Indus. Comm.*, 2014-Ohio-4082.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100649**

# KAREN LIEBE, ET AL.

RELATORS

vs.

# THE INDUSTRIAL COMMISSION OF OHIO, ET AL.

RESPONDENTS

## JUDGMENT:
WRIT DENIED

Writ of Prohibition
Motion Nos. 476745 and 476808
Order No.  477981

**RELEASE DATE:**  September 17, 2014

**ATTORNEYS FOR RELATOR**

**For Karen Liebe**

Michael H. Gruhin
Gruhin & Gruhin
24100 Chagrin Boulevard
Suite 250
Beachwood, Ohio 44122

Matthew A. Palnik
Shapiro, Marnecheck, Riemer & Palnik
425 Western Reserve Building
1468 West 9th Street
Cleveland, Ohio 44113

**For Michael Gruhin**

Martin T. Galvin
Reminger Company L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio 44113


**ATTORNEYS FOR RESPONDENTS**

**For Industrial Commission of Ohio
Administrator, Bureau of Workers' Compensation**

Michael DeWine
Ohio Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113



Thomas M. McCarty

Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113


**For March Hodge Lamarch Cleveland,   L.L.C.**

Thomas R. Wyatt
David T. Andrews
Jerry P. Cline
Andrews & Wyatt L.L.C.
561 Boston Mills Road
Suite 700
Hudson, Ohio 44236

EILEEN A. GALLAGHER, J.:

{¶1} On November 20, 2013, the relators, Karen Liebe and Michael Gruhin, commenced this prohibition action against the respondents, the Industrial Commission of Ohio and the Administrator of the Bureau of Workers' Compensation (hereinafter collectively referred to as the "Industrial Commission"). The relators seek to prohibit the respondents from conducting further administrative hearings relating to Liebe's September 26, 2011 injury claim and from enforcing the August 29, 2013 district hearing officer's decision. The relators claimed that the respondents' use of privileged work product information exceeded the Industrial Commission's judicial authority and deprived it of jurisdiction to proceed. On December 4, 2013, this court permitted Liebe's employer, March Hodge Lamarch Cleveland, L.L.C. ("March Hodge") to intervene as a respondent. Pursuant to court order, on June 16, 2014, the parties filed dispositive motions and subsequently submitted briefs in opposition.

{¶2} On July 11, 2014, Liebe voluntarily dismissed her prohibition claims as part of a settlement of her workers' compensation claims. Gruhin did not settle and his claims for prohibition remain. On July 15, 2014, March Hodge moved to dismiss because the issues were moot and on July 17, 2014, the Industrial Commission similarly moved. Because both motions relied on materials outside the pleadings, this court sua sponte converted those to motions for summary judgment and granted the parties until August 8, 2014, to respond pursuant to Civ.R. 56. Gruhin filed responses to these later dispositive motions. Accordingly, this matter is ripe for disposition. For the following reasons, this court grants the respondents' motions for summary judgment, denies

Gruhin's motion for summary judgment, and denies the application for a writ of prohibition.

Factual and Procedural Background

{¶3} On September 26, 2011, Liebe fell at work and immediately went to her treating physician, Dr. Ryan Haely, who diagnosed five conditions: (1) low back sprain/strain, (2) thoracic sprain/strain, (3) cervical sprain/strain, (4) right sacroiliac sprain/strain and (5) right knee sprain/strain. On September 29, 2011, the doctor filed a C-9, Physician's Request of Medical Service and the Bureau of Workers' Compensation ("the Bureau") assigned claim number 11-352776 to Liebe's claim.

{¶4} On October 18, 2011, the Bureau allowed all of the claims. However, March Hodge appealed. In November, Liebe retained Gruhin to represent her. Following an early December 2011 hearing, the Industrial Commission allowed three of Liebe's claims but disallowed the other two. Both parties appealed. At this point, March Hodge's independent medical examiner, Dr. Paul Martin, examined Liebe and opined that the allowed conditions were "flare ups" of pre-existing conditions and were not new or separate injuries resulting from the September 26, 2011 fall. On February 22, 2012, Dr. Haely submitted a report rebutting Dr. Martin's opinions and specifically stating that Liebe suffered new and distinct injuries from the September 2011 fall. On February 23, 2012, the Industrial Commission heard the appeal and affirmed the previous decision; three claims were allowed and two disallowed.

{¶5} Liebe appealed the disallowances to the common pleas court, *Liebe v. Admr.*

*Bur. of Workers' Comp.,* Cuyahoga C.P. No. CV-12-781525. March Hodge did not appeal, but defended the disallowances. As part of discovery, March Hodge's attorney in April 2013 reviewed Dr. Haely's medical records for Liebe. Among the papers found were an initial draft of the report rebutting Dr. Martin's opinions and a response from Gruhin's office suggesting proposed changes. Comparing the "proposed changes" memo with the final report indicates that the doctor adopted the changes verbatim into the final report. However, Dr. Haely has maintained that discussions with Gruhin's office caused him to review Liebe's x-rays and medical evidence and that caused him to clarify his opinion and to employ more useful, accurate terminology.

{¶6} The revelation that March Hodge's attorney had possession of the "proposed changes" memo caused Gruhin to invoke the work product privilege and demand the return of the memo and the cessation of its use pursuant to Civ.R. 26(B)(6).[1] In return, March Hodge's attorney accused Gruhin and his office of unethical behavior and demanded that Liebe dismiss her litigation.

{¶7} On April 18, 2013, March Hodge, pursuant to R.C. 4123.52, invoked the

---

[1] Civ.R. 26(B)(6) provides: (b) Information Produced. If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a receiving party must promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody or control. A party may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim of privilege or of protection as trial preparation material. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. Civ.R. 40(D)(5), relating to subpoenas, contains nearly identical provisions.

Industrial Commission's continuing jurisdiction by filing a C-86 motion on the basis of new and changed circumstances of newly discovered evidence. A district hearing officer conducted a hearing and, on August 29, 2013, in an eight-page decision disallowed all of Liebe's claims. The hearing officer decided that the "proposed changes" memo was not privileged information, that the Industrial Commission had jurisdiction pursuant to R.C. 4123.52 and that because Dr. Haely's report was no longer credible, all of Liebe's claims should be disallowed.

{¶8} Liebe appealed this decision and a Staff Hearing Officer hearing was scheduled for November 24, 2014. At that time, the relators filed this prohibition action and this court issued an alternative writ directing that the respondents not conduct the Staff Hearing Officer hearing until further order of this court.[2]

{¶9} On July 11, 2014, Liebe, March Hodge and the Industrial Commission reached a universal settlement as to Liebe's claims. In exchange for $14,000 and the Industrial Commission's waiver of repayment, Liebe dismissed Claim No. 11-352776; her common pleas court appeal, Case No. CV-12-781525, and her claims in this prohibition action. March Hodge and the Industrial Commission assert that these dismissals render

---

[2] The litigation concerning Liebe's claim and the work product privilege continued in other forums not affected by this writ of prohibition. In Liebe's common pleas appeal, Liebe filed a motion in limine to prohibit the use of the "proposed changes" memo because of the work product privilege, and March Hodge filed a motion in limine to exclude the use of Dr. Haely's report. The trial court summarily denied both. Liebe appealed these decisions in *Liebe v. Admr., Bur. of Workers' Comp.*, 8th Dist. Cuyahoga No. 100230, but on May 1, 2014, this court dismissed the appeal for lack of a final, appealable order. Additionally, March Hodge commenced suit against Dr. Haely for fraud in Cuyahoga C.P. No. CV-14-826567.

Gruhin's claims for prohibition moot. Indeed, in its July 17, 2014 motion, the Industrial Commission stated that "there will be no further OIC proceedings." (Pg. 4.) In response, Gruhin asserts that the issue of whether the "proposed changes" memo is privileged has not been resolved, that the respondents must disgorge the privileged material pursuant to Civ.R. 26(B)(6), that the Industrial Commission may institute a fraud investigation and has not vacated the August 29, 2013 decision, that the issue of whether such work product material is privileged is capable of repetition yet evading review, and that this prohibition action is not moot.

Discussion of Law

{¶10} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common*

*Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).   Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition.   *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988), and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995).   However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction.   A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction.   *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶11} This court concludes that Liebe's settlement does render this prohibition action moot because it precludes the fulfillment of the first element of prohibition, that the respondent is about to exercise judicial or quasi-judicial power.   The Industrial Commission will not conduct further proceedings relating to Liebe's claims.   It will not be exercising judicial or quasi-judicial power.

{¶12} Moreover, to the extent that Gruhin relied on the transfer of jurisdiction principle for his prohibition claim, the settlement of the common pleas appeal removed that jurisdictional impediment.   The court further notes that Gruhin did not cite

persuasive authority for the principle that the transfer of jurisdiction principle "trumps" the statutorily granted continuing jurisdiction of the Industrial Commission under R.C. 4123.52. Thus, Gruhin failed in his burden of proof and persuasion. *Cf. State ex rel. City of Westlake v. Corrigan*, 8th Dist. Cuyahoga No. 86575, 2006-Ohio-3323.[3]

{¶13} Gruhin speculates that the Industrial Commission could commence fraud proceedings against Dr. Haely arising out of Liebe's claims. However, he presented no evidence that the Industrial Commission will do this and this court will not issue a writ of prohibition on speculation.

{¶14} This court is not convinced that the "capable of repetition yet evading review" exception to mootness applies in the present case. The multiple opportunities for review and appeal in workers' compensation cases would allow the issue of work product privilege to be resolved on its merits on a full record when and if this scenario should ever arise again.

{¶15} Gruhin's primary premise that the respondents' use of privileged work product information exceeded the judicial authority of the Industrial Commission and deprived it of jurisdiction to proceed is not well founded. Prohibition is not the remedy to resolve issues of privilege or discovery. R.C. 4123.08 and 4123.10 grant the Industrial Commission the power to take testimony and hear evidence and to make

---

[3] Because the underlying claim has been settled and the matter is moot and because Gruhin did not cite authority on this issue, this court does not decide the issue of the Industrial Commission's continuing jurisdiction while all or part of the claim is on appeal to the courts. This court declines to issue an advisory opinion.

investigations to ascertain the substantial rights of the parties and to carry out justly the spirit of the workers' compensation law. These statutory grants of power necessarily include the power to consider evidence, discovery, and privilege. The Supreme Court of Ohio has repeatedly ruled that "trial courts have the requisite jurisdiction to decide issues of privilege; thus, extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues." *State ex rel. Herdman v. Watson,* 85 Ohio St.3d 537, 538, 700 N.E.2d 1270 (1998); *State ex rel. Abner v. Elliot*, 85 Ohio St.3d 11, 706 N.E.2d 765 (1999); and *State ex rel. Mulholland v. Schweikert*, 99 Ohio St.3d 291, 2003-Ohio-3650, 791 N.E.2d 1164.

{¶16} Finally, it appears that the relief Gruhin really seeks is a declaration that the "proposed changes" memo is protected work product and that he is entitled to have the respondents return the memo to him and cease all use of the memo. If the allegations in a writ complaint indicate that the real object sought is a declaratory judgment, the complaint does not state a cause of action for an extraordinary writ. The court of appeals does not have jurisdiction over claims for declaratory judgment. *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, and *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21.

{¶17} Accordingly, this court grants the respondents' motions for summary judgment, denies Gruhin's motion for summary judgment and denies the application for a writ of prohibition. Relator Gruhin to pay costs. The court vacates its alternative writ

as moot.    This court directs the clerk of courts to serve all parties notice of this judgment

and its date of entry upon the journal as required by Civ.R. 58(B).

_____

Writ denied.


EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE JR., P.J., and
PATRICIA A. BLACKMON, J., CONCUR